OPINION OF THE COURT
Bertram R. Gelfand, J.
This is an application for letters of guardianship of the person of a 15-year-old infant. Petitioner, the proposed guardian, is the infant’s sister. The infant joins in the application (SCPA 1705, subd 1, par [c]). Respondent is the infant’s mother, who has appeared in opposition to the application. She requests that the infant return to her home from which she departed after a disagreement. All of the parties in the within matter are currently supported by public assistance and are indigent. The court has appointed a guardian ad litem for the infant which guardian ad litem has now taken a position that the petition be granted. Respondent has indicated she wishes the assistance of counsel. She was granted an adjournment for the purpose of obtaining legal assistance from either the Legal Aid Society or another publicly funded source of legal assistance to the poor. She now informs the court that she has been advised by the agencies to whom she went for legal assistance that the pressure of current work loads prevents them from undertaking her legal representation. Respondent requests assignment of counsel.
In most civil proceedings litigants do not have a right to assigned counsel (Matter of Smiley, 36 NY2d 433; Matter of Romano, 109 Misc 2d 99, 102). Absent such a right, the *140 limited availability of counsel for assignment to the indigent precludes such assignment in civil matters. However, no broadly applicable rule should be embraced without consideration of its pragmatic impact. The law, both civil and criminal, must deal in realities, and not in mere abstract theories whose impact on real life are divorced from fundamental fairness. The court must be sensitive to the actual impact of this application should it be granted. While guardianship does not have the legal finality of adoption, nevertheless the granting of guardianship of the person of an infant to a nonparent over the objection of a parent will de facto extinguish the basic parental right of rearing one’s own child.
The relationship between parent and child is constitutionally protected (Quilloin v Walcott, 434 US 246; Wisconsin v Yoder, 406 US 205; Stanley v Illinois, 405 US 645; Meyer v Nebraska, 262 US 390). In Prince v Massachusetts (321 US 158, 166), the Supreme Court held that “[i]t is cardinal * * * that the ’custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.” In Lassiter v Department of Social Servs. (452 US 18), the Supreme Court ruled that State intervention to effectuate the termination of parental rights must be accomplished by procedures meeting the requisites of constitutional due process. The court is also sensitive to the admonition of the Supreme Court in Santosky v Kramer (455 US 745, 753), that “[e]ven when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life.” (See, also, Matter of Ella B., 30 NY2d 352.)
In this proceeding, the basic relief sought involves the termination of a natural parent’s right to custody and care of her own child. It is recognized that all but one of the cited decisions of the Supreme Court of the United States addressed acts of the sovereign that were adverse to parental rights. However, the sanctity of the right that is here under attack is no different whether the attacker is the sovereign or a private party who, as a result of the requirement that the infant have a guardian ad litem, is now aided by a court-appointed lawyer who supports petitioner’s position that is adverse to the pro se respondent’s *141 parental rights. Under these circumstances, it is concluded that basic concepts of fairness warrant that respondent have the aid of counsel. Accordingly, the court has taken the necessary administrative steps to procure for her assigned legal representation.