■ ALFRED W. MAKI, Appellant, v ANN G. STRAUB, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Duskas, J.), entered February 28, 1990 in St. Lawrence County, which, *inter alia*, denied plaintiff's motion for summary judgment.

Plaintiff and defendant were married June 3, 1972 and had two children, one born in 1974 and the other born in 1976. Plaintiff and defendant signed a separation agreement dated March 24, 1980 which was subsequently incorporated but not merged in a divorce decree. The parties modified the agreement on January 27, 1984 whereby plaintiff was to pay defendant $100 a month as child support until the former marital residence was sold. Once the residence was sold, plaintiff's support obligation would rise to $325 a month. Before the sale of the marital residence, defendant petitioned

Family Court for an increase in child support on the basis of increased needs of the children. Plaintiff was ordered to pay $50 a week per child. Plaintiff failed to perfect an appeal of the Family Court order.

In this action, plaintiff seeks damages from defendant in the sum of $25,288 for breach of the separation agreement and/or an amendment thereof. The damages sought represent the difference in his obligation under the agreement and the Family Court order calculated to each child's 21st birthday. Plaintiff moved for summary judgment but the motion was denied. Supreme Court held that defendant's resort to Family Court for an upward modification of child support did not constitute a violation of the separation agreement. Plaintiff appeals.

There should be an affirmance. In the Family Court proceeding, defendant was asserting the children's right to receive adequate support from plaintiff. Pursuant to Family Court Act § 461, parental duty of child support is not diminished by the existence of a separation agreement or a judgment of divorce. In the absence of an order of Supreme Court, Family Court may make an order of support (see, Matter of Brescia v Fitts, 56 NY2d 132). Here, the divorce decree made no reservation of rights to Supreme Court as to child support so that defendant, as the children's custodian, was entitled to seek relief in Family Court on their behalf.

Plaintiff's theory of recovery is contrary to the avowed public policy incorporated in Laws of 1989 (ch 567) entitled "Child Support Standards Act". The contractual obligations of a separation agreement cannot bind a court from fulfilling its duty to see that parents fulfill their child support obligations. Although separation agreements, being contracts, are entitled to the solemnity and obligation of a contract, when children's rights are involved the contract yields to the welfare of the children (see, In re Ayo, 190 Cal App 3d 442, 235 Cal Rptr 458). A separation agreement which fails to incorporate adequate support for minor children is voidable and cannot bind an appropriate court from remedying the inadequacy thereof. Likewise, the terms of an inadequate support provision contained in a separation agreement cannot support a civil action for breach thereof.

Order affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.