[621 NYS2d 363]

JoElLEN Pecora, Respondent, v Thomas Cerillo, Appellant, et al., Defendant.

Second Department, January 9, 1995

APPEARANCES OF COUNSEL

*Gerald S. Jacobs,* Jericho, for appellant.

*A. Charles D'Agostino,* White Plains, for respondent.

## OPINION OF THE COURT

HART, J.

The issue under review, which has not previously come before this Court, is whether a cause of action to recover damages for an alleged violation of a separation agreement may arise if a party to the agreement petitions the court for an increase in previously agreed-upon child support.

FACTUAL BACKGROUND:

The defendant Thomas Cerillo and the plaintiff were formerly husband and wife. They executed a separation agreement in March 1983. Pursuant to the terms of the agreement, the plaintiff was given custody of the parties' two daughters, then ages six and four. The agreement was incorporated by reference into the judgment of divorce, but did not merge.

Subsequent to the execution of the separation agreement, the parties executed a modification which provided for a joint custody arrangement, with the father having exclusive physical custody of the children. The father also agreed to provide for the total support of the children out of his "own funds without contribution from the Mother".

The parties continued to abide by the terms of the modified agreement until June 1990 when the father filed a petition in the Family Court seeking contribution toward child support from the plaintiff. The petition alleged that the father was unable to meet the children's support requirements on his own and that the mother's annual income was approximately $80,000. The Family Court, in a temporary order of support, directed the mother to pay $866 per month in child support. The mother did not take an appeal to this Court from that order.

The mother made the required support payments for two months, at which time the children were returned to her exclusive physical custody, and the Family Court proceeding was terminated without prejudice.

Subsequent to the change in physical custody, the mother commenced the instant action alleging that the commencement of the Family Court proceeding was a breach of the modified separation agreement. Specifically, the mother alleged that by petitioning the Family Court, the father had breached his agreement to provide for the complete support of the children without contribution from her.

The father made a motion for summary judgment in the Supreme Court, alleging that such a cause of action is impermissible as a matter of law in that it is against public policy. The Supreme Court denied the father's motion to dismiss the complaint, finding that there are questions of fact precluding the granting of such "drastic relief". We disagree and grant the father's motion.

ANALYSIS:

We find that to allow such a suit would be violative of New York State's public policy for two reasons. The first consideration is the public policy imperative with reference to child support. The second is that to allow the petitioning parent to be sued for damages based on an attempt to secure adequate support for his or her child would inhibit a parent from taking such action.

The impact of the public policy considerations is to immunize from a suit for damages the parent who seeks an upward modification of a previously agreed-upon child support protocol. Conceding the duty of a custodial parent, as we must, to take whatever action is necessary to secure adequate child support, we hold that that parent cannot later be asked to respond in damages for an alleged breach of the previously executed agreement. The fact that the parent who is called upon to pay an amount in excess of the amount in the agreement cannot sue, is not to say that that parent is muted on the question of the reasonableness of the agreed-upon support, as will be demonstrated.

The Legislature memorialized the public policy of this State in the Child Support Standards Act (L 1989, ch 567; hereinafter CSSA) which mandates the provision of adequate child support as justice requires (see, Moat v Moat, 27 AD2d 895). In arriving at the relevant support level, a court is not bound by the terms of a separation agreement.

The CSSA gives a parent from whom an increase in child support is sought in contravention of a separation agreement, an opportunity to be heard on the reasonableness of the

agreement in the proceeding for the increase (Family Ct Act § 413 [1] *[l]*, [f]). The CSSA includes a list of factors to be considered by the court in a modification petition. Family Court Act § 413 (1)*(l)* reads, in pertinent part, as follows: "In applying such standards, when the order to be modified incorporates by reference or merges with a validly executed separation agreement or stipulation of settlement, the court may consider, in addition to the factors set forth in paragraph (f) of this subdivision, the provisions of such agreement or stipulation concerning property distribution, distributive award and/ or maintenance in determining whether the amount calculated by using the standards would be unjust or inappropriate" (L 1989, ch 567, § 8, as amended by L 1990, ch 818, § 11). It is therefore clear that, by legislative mandate, due consideration must be given in a child support proceeding to the terms of the relevant separation agreement.

Despite the fact that a separation agreement is "entitled to the solemnity and obligation of a contract, when children's rights are involved the contract yields to the welfare of the children" *(Maki v Straub,* 167 AD2d 589, 590; *see also, Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Boden v Boden,* 42 NY2d 210; *Haimowitz v Gerber,* 153 AD2d 879). The parental duty of child support shall not be eliminated or diminished by the terms of a separation agreement *(see, Matter of Fetherston v Fetherston,* 172 AD2d 831). Likewise, the children, not being parties to the separation agreement, cannot be bound by its terms *(see,* Family Ct Act § 461 [a]; *Matter of Boden v Boden,* 42 NY2d 210, *supra; Moat v Moat,* 27 AD2d 895, *supra).*

A separation agreement that does not provide for adequate support of the parties' minor children cannot bind a court from remedying the inadequacy. It has long been held that contracts that are in whole or in part against public policy are void *(see, Matter of Cooperman,* 83 NY2d 465; *First Natl. Bank v Kaufman,* 58 AD2d 668). Therefore, an inadequate child support provision contained in a separation agreement is "voidable and cannot bind an appropriate court from remedying the inadequacy" *(Maki v Straub, supra,* at 590). Nor can it bind a parent from seeking to remedy the inadequacy.

In consideration of the foregoing and under the circumstances of this case, the plaintiff's argument that it is unconstitutional under the impairment of contracts doctrine (US Const, art I, § 10) to preclude a breach of contract action fails. A statute that is intended to prevent an economic wrong, in this case against the children, is not unconstitutional as

impairing contract rights *(see, Grove Hill Realty Co. v Ferncliff Cemetery Assn.,* 7 NY2d 403).

Accordingly, the order is reversed insofar as appealed from, on the law, and that branch of the motion which was for summary judgment dismissing the complaint insofar as it is asserted against the appellant is granted.

O'BRIEN, J. P., PIZZUTO and ALTMAN, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as it is asserted against the appellant is granted.