■ LAWRENCE PRIOLO, Respondent, v RONNIE PRIOLO, Appellant. [621 NYS2d 367] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Hart, J.), dated August 3, 1993, which denied her motion, inter alia, for summary judgment dismissing the complaint and for the imposition of costs and sanctions, and granted the plaintiff's cross motion, inter alia, for partial summary judgment on the issue of liability only.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied that branch of the motion which was for summary judgment dismissing the complaint, and granted the cross motion, and substituting therefor provisions granting that branch of the motion which was for summary judgment dismissing the complaint and denying the cross motion; as so modified, the order is affirmed, with costs to the defendant.

In settlement of a divorce action, the parties entered into an

agreement governing the distribution of their marital property, the payment of spousal maintenance, child support, and other matters. With regard to child support, the plaintiff father agreed to pay $200 per month for each of the parties' two children. The agreement also contained a "mutual waiver" provision wherein the parties agreed to waive any right "to institute and prosecute to completion any action or proceeding to rescind, revise, alter or amend * * * the agreement between the parties as to division of marital property and/or as to support and/or maintenance for the [mother] and/or the children".

In a judgment entered January 31, 1985, the Supreme Court, Nassau County, granted the mother's application for a divorce. The divorce judgment set out at length several provisions that mirrored the terms of the parties' settlement agreement, including a provision fixing the father's monthly child support obligation at $200 per child.

By verified petition dated November 30, 1990, the mother commenced a proceeding in the Family Court, Nassau County, for an upward modification of the child support provision contained in the divorce judgment based on a change of circumstances and the increased needs of the children. After a hearing, the Family Court granted the petition and, applying the Child Support Standards Act (see, Family Ct Act § 413), modified the judgment of divorce to increase the amount of the father's child support obligation. The father did not appeal from the order of the Family Court. However, the father subsequently commenced this action against the mother to recover damages for breach of the parties' settlement agreement. The amended complaint set forth the aforementioned "mutual waiver" provision of the agreement and alleged that, in contravention of that provision, the mother "brought a proceeding in the Family Court * * * seeking to revise, alter and amend the agreement [by] seeking an increase in child support", which constituted a "direct breach" of the agreement. The mother moved for summary judgment dismissing the complaint, punitive damages, counsel fees, and sanctions pursuant to 22 NYCRR part 130, and the father cross-moved for partial summary judgment on the issue of liability. The Supreme Court denied the mother's motion and granted the father's cross motion.

The father's action must be dismissed as violative of the clear public policy of the State to ensure that minor children receive adequate financial support from their parents. As this Court has observed in the factually similar case of *Pecora v*

*Cerillo* (207 AD2d 215 [decided herewith]), the child support provisions of a settlement or separation agreement do not bind the court and cannot be employed as a means of preventing the court from fulfilling its duty to see that parents comply with their child support obligations. Indeed, "[the] parental duty of child support is not diminished by the existence of a separation agreement or a judgment of divorce" *(Maki v Straub,* 167 AD2d 589, 590; *see, Matter of Montagnino v Montagnino,* 163 AD2d 598). Hence, "[w]hile we recognize that the parties are certainly free to allocate their child support obligations as between them * * * where, as here * * * the agreed-upon levels of child support are insufficient and * * * the children's needs will hence go unmet, the court is not compelled to enforce the terms of the agreement to which the children were not parties" *(Matter of Fetherston v Fetherston,* 172 AD2d 831, 834). As the Court of Appeals explained in *Matter of Boden v Boden* (42 NY2d 210, 212): "A husband and wife, in entering into a separation agreement, may include in that agreement provisions pertaining to the support of the children of their marriage. The terms, like any other contract clauses, are binding on the parties to the agreement. The child, on the other hand, is not bound by the terms of the agreement (see Family Ct Act, § 461, subd [a]; *Moat v Moat,* 27 AD2d 895) and an action may be commenced against the father for child support despite the existence of the agreement (see Family Ct Act, § 413; *Backstatter v Backstatter,* 66 Misc 2d 331). In deciding the amount of child support to be awarded, the Family Court is not constrained by the terms of the separation agreement, but rather must look to the facts and circumstances of each case individually and determine the amount of support necessary".

In the present case, the Family Court found that the mother had demonstrated the increased needs of the children, a determination that was not appealed by the father. Hence, that court's upward modification of support through application of the CSSA, which itself represents important public policy *(see, Pecora v Cerillo, supra; Matter of Panic v Hert,* 200 AD2d 748; *Matter of Alice C. v Bernard G. C.,* 193 AD2d 97; *Matter of Fetherston v Fetherston, supra),* was in keeping with the overriding policy of ensuring adequate child support. Accordingly, the terms of the settlement agreement in this case must yield to the welfare of the children and cannot support an action to recover damages for breach of contract arising out of the increase in the father's child support obligation *(see, Pecora v Cerillo, supra; Maki v Straub, supra).*

In view of the foregoing, we have no occasion to consider the remaining contentions with respect to this issue.

Furthermore, under the circumstances of this case, we discern no basis to afford any additional relief to the defendant. Sullivan, J. P., Ritter, Pizzuto and Goldstein, JJ., concur.