[638 NYS2d 997]

In the Matter of CAROLINE, an Infant. PATRICIA L. F. et al., Appellants; KATHARINA B. et al., Respondents.

Fourth Department, March 8, 1996

APPEARANCES OF COUNSEL

*Gage, Gage, Van Horn & Roesch, P. C.,* Geneva *(Barbara Roesch* of counsel), for appellants.

*John R. Dangl, Jr.,* Geneva, for Katharina B., respondent.

*Mark Brylski,* Canandaigua, for Robert B., respondent.

## OPINION OF THE COURT

Davis, J.

The issues presented in this appeal are (1) whether petitioners have standing to commence and proceed with this private-placement adoption proceeding wherein they seek to dispense with parental consent on the ground of mental retardation pursuant to Domestic Relations Law § 111 (2) (d) and (2) whether the adoption may proceed absent a showing that an authorized agency engaged in diligent efforts to strengthen and reunite the child with her natural parents. We conclude that petitioners have standing and that no agency involvement is required in this private-placement adoption proceeding.

### I

The facts of this case are not in dispute. The child at issue in this proceeding, Caroline, was born in wedlock to Robert B. and Katharina B. on March, 9, 1992. Both parents are characterized as mildly mentally retarded.

Petitioners, Patricia L. F. and Steven H. F., are married and are the sister and brother-in-law, respectively, of Robert B., the natural father of Caroline. Approximately two months after her birth, Caroline was placed in the custody of petitioners. Robert B. and Katharina B. consented to that placement. By order of the Onondaga County Surrogate dated January 22, 1993, petitioners were issued letters of guardianship of Caroline. That order contained a condition, *inter alia*, that the natural parents have unlimited visitation "at least once a week" upon reasonable notice.

In February 1994 petitioners commenced this private-placement adoption proceeding pursuant to article VII of the Domestic Relations Law. The petition sought to dispense with the consent of the natural parents pursuant to Domestic Relations Law § 111 (2) (d), on the ground that the natural parents are mentally retarded and that, by reason of their mental retardation, they are presently and for the foreseeable future unable to provide proper care for Caroline. Katharina B. opposed the adoption of Caroline by petitioners and moved to

dismiss the petition, arguing that petitioners lack standing to commence this adoption proceeding because Social Services Law § 384-b, to which Domestic Relations Law § 111 (2) (d) refers, requires the involvement of an authorized agency and a showing that the agency made diligent efforts to reunite the child with her natural parent or parents, citing *Matter of Michael S.* (159 Misc 2d 894). Family Court agreed, holding that such efforts are a prerequisite to dispensing with parental consent in this adoption proceeding. Inasmuch as no such efforts were undertaken here, the petition was dismissed.

## II

A private-placement adoption is "any adoption other than that of a minor who has been placed for adoption by an authorized agency" (Domestic Relations Law § 109 [5]), and is governed generally by Domestic Relations Law §§ 112, 114 and 115 (*see*, Domestic Relations Law § 115 [1]). Pursuant to Domestic Relations Law § 115 (3), the adoptive parents, the adoptive child and "all persons whose consent is required by [Domestic Relations Law § 111] must appear for examination before the judge or surrogate of the court where the adoption proceedings are instituted". Domestic Relations Law § 111 (2) (d) states that "[t]he consent shall not be required of a parent * * * who, by reason of * * * mental retardation, as defined in [Social Services Law § 384-b (6)], is presently and for the foreseeable future unable to provide proper care for the child". That paragraph further states that "[t]he determination as to whether a parent is * * * mentally retarded shall be made in accordance with the criteria and procedures set forth in [Social Services Law § 384-b (6)]". Additionally, "[w]here the petition alleges that either or both of the natural parents of the child * * * are * * * mentally retarded, proof shall be submitted that such disability exists at the time of the proposed adoption" (Domestic Relations Law § 115 [5]).

Social Services Law § 384-b (6) (b) defines mental retardation as "subaverage intellectual functioning which originates during the developmental period and is associated with impairment in adaptive behavior to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act". A determination under the foregoing subdivision that a parent, by reason of mental retardation, is presently and for the foreseeable future unable to properly and adequately care for his or her child must be

supported by clear and convincing proof (*see, e.g., Matter of Joyce T.*, 65 NY2d 39, 41, 45).

Recognizing that New York's adoption statute is "a complex and not entirely reconcilable patchwork" (*Matter of Jacob*, 86 NY2d 651, 659) and further recognizing that "[w]hat is to be construed strictly and applied rigorously in this sensitive area of the law * * * is legislative purpose as well as legislative language" (*Matter of Jacob, supra*, at 657), we conclude that the procedures set forth in the various sections of article VII of the Domestic Relations Law governing private-placement adoptions permit a private-placement adoption that dispenses with parental consent on the ground of mental retardation. The reference in Domestic Relations Law § 111 (2) (d) to Social Services Law § 384-b (6) must be read in conjunction with Domestic Relations Law § 115, which together require that, where the petition in a private-placement adoption seeks to dispense with parental consent on the ground of mental retardation, petitioners must submit proof of such mental retardation in accordance with the definition and standard of proof delineated in Social Services Law § 384-b (6). There is no requirement in the Domestic Relations Law that only an authorized agency may commence a private-placement adoption proceeding where a party seeks to dispense with parental consent on the ground of mental retardation.

### III

Furthermore, we conclude that, where a petitioner in a private-placement adoption proceeding seeks to dispense with parental consent on the ground of mental retardation, there is no statutory requirement that an authorized agency must be involved and make a showing that it engaged in diligent efforts to reunite the child with his or her natural parent or parents before the adoption may proceed. It is well settled that "[t]he Legislature is presumed to know what statutes are in effect when it enacts new laws" (*Matter of Gerald*, 211 AD2d 17, 21) and, had it intended to include such requirements, it would have done so when it enacted the statute governing private-placement adoptions (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 240, at 411-412).

Additionally, we note that, even in a proceeding pursuant to Social Services Law § 384-b (6) to terminate parental rights on the ground of mental retardation, there is no requirement that the authorized agency demonstrate that it engaged in diligent efforts to reunite the child with his or her natural parent or

parents (*see, Matter of Belinda S.,* 189 AD2d 679, *lv denied* 81 NY2d 706). Thus, there is no basis for the court's determination that there first must be a showing that an authorized agency engaged in diligent efforts to reunite the family before dispensing with parental consent on the ground of mental retardation in a private-placement adoption proceeding.

## IV

Therefore, we conclude that the court erred in dismissing the petition in this private-placement adoption proceeding and accordingly, the order on appeal should be reversed, the motion to dismiss the petition denied and the petition reinstated.

GREEN, J. P., FALLON, WESLEY and BOEHM, JJ., concur.

Order insofar as appealed from unanimously reversed, on the law, without costs, motion denied and petition reinstated.