■ GAIL C. HARRIMAN, Appellant, v JAMES E. HARRIMAN, Respondent. [642 NYS2d 405] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered January 26, 1995 in Rensselaer County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff and defendant were married in 1973 and have two children, Kellie (born in 1975) and Keith (born in 1979). In May 1990, the parties entered into a separation agreement, pursuant to the terms of which the parties agreed to joint legal custody of the children with primary physical custody to defendant. Additionally, defendant agreed not to seek child support from plaintiff in exchange for plaintiff's agreement to accept a certain sum of money in lieu of maintenance. Plaintiff also waived her right to seek child support during the five weeks that the children were to reside with her each summer. The agreement was modified in June 1990 with respect to the payment of the agreed-upon sum and was later incorporated, but not merged, into the parties' December 1990 judgment of divorce.

Thereafter, in November 1991, the parties apparently agreed that Kellie would reside with plaintiff and a modified custody order was entered. During the course of the custody proceeding in Family Court, plaintiff apparently petitioned for child support for Kellie, and defendant cross-petitioned for child support for Keith. The parties appeared before a Hearing Examiner, who ultimately determined that both plaintiff and defendant had an obligation to support their children and awarded plaintiff approximately $200 per month, representing defendant's net support obligation.

Although plaintiff apparently filed objections to the Hearing Examiner's decision with respect to arrears and an amended decision was issued in that respect, there is no indication that plaintiff voiced any complaint with respect to the amount of or the need for the support awarded or that she attempted to appeal the Hearing Examiner's decision. Instead, plaintiff commenced this action against defendant for breach of contract, alleging that defendant had breached their separation agreement when he applied to Family Court for child support. Following joinder of issue, defendant moved to dismiss the complaint for failure to state a cause of action and for summary judgment on his counterclaim for, *inter alia*, abuse of process. Supreme Court, *inter alia*, granted defendant's motion to dismiss the complaint and denied his motion for summary judgment. This appeal by plaintiff followed.

We affirm. Plaintiff devotes a substantial portion of her brief to challenging the propriety of the Hearing Examiner's decision, including the Hearing Examiner's finding that plaintiff had an obligation to pay support for her son, Keith. As defendant correctly observes, however, plaintiff's time to file objections to the Hearing Examiner's decision and seek appellate

review of that determination has long since passed. Accordingly, the particulars of the Hearing Examiner's decision are beyond this Court's review.

Nor are we persuaded that Supreme Court erred in dismissing plaintiff's action for breach of contract. While it is true that "parties are certainly free to allocate their child support obligations as between them" (*Matter of Fetherston v Fetherston*, 172 AD2d 831, 834), a court simply is not bound by a separation agreement that fails to provide for adequate support for the parties' children (*see, Priolo v Priolo*, 211 AD2d 627, 628-629, *lv denied* 86 NY2d 705; *Pecora v Cerillo*, 207 AD2d 215, 218; *Maki v Straub*, 167 AD2d 589, 590, *lv dismissed* 77 NY2d 873, *lv denied* 78 NY2d 854, *appeal dismissed* 78 NY2d 951). As this Court observed in *Maki v Straub* (*supra*), "[a] separation agreement which fails to incorporate adequate support for minor children is voidable and cannot bind an appropriate court from remedying the inadequacy thereof. Likewise, the terms of an inadequate support provision contained in a separation agreement cannot support a civil action for breach thereof" (*supra*, at 590; *see, Pecora v Cerillo*, *supra*, at 218).

To the extent that plaintiff contends that the foregoing cases are distinguishable in that there has been no showing that the children were not being adequately supported under the terms of the separation agreement at issue here, we need note only that the parties presumably would not have requested and the Hearing Examiner certainly would not have awarded child support if the children's needs were in fact being met under the prior "no support" arrangement. As the Hearing Examiner's decision in this regard is beyond our review (due entirely to plaintiff's failure to file appropriate objections and/or appeal), we have no choice but to conclude that "the terms of the [separation] agreement in this case must yield to the welfare of the children and cannot support an action to recover damages for breach of contract" (*Priolo v Priolo, supra*, at 629). Accordingly, Supreme Court's order must be affirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.