■ In the Matter of JACQUELYN A. LEVINSON, Appellant, v BARRY M. LEVINSON, Respondent. [748 NYS2d 816] —Lahtinen, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 2, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

The parties, parents of one child born in 1991, were divorced in Colorado in 1994 by a judgment that incorporated, but did

not merge, the terms of a separation agreement.[1] The agreement included a procedural framework for seeking modification of child support and, as part of the procedure, required that the parties exchange income tax returns "no later than May 1st of each year" and give notice by June 1st if a child support change was being sought. Respondent successfully relied upon such provision to have his original child support obligation reduced by a Colorado court in June 1995 from $407.40 to $196.77, based upon a showing that his 1994 income was $11,484.

In June 1997, petitioner, who then resided in New York, applied to Family Court for an order increasing respondent's child support obligation. The petition was ultimately dismissed upon the ground that petitioner had failed to supply respondent with a copy of her income tax return by May 1, 1997, as required by the separation agreement. The Hearing Examiner's decision included an admonition to the parties to strictly comply with the May 1st deadline in the future when seeking a change in child support under the terms of the separation agreement. Upon learning in 1999 that respondent's income had increased to $44,220, petitioner commenced the current proceeding seeking an increase of child support. Respondent opposed the motion upon the ground that petitioner had again failed to provide a copy of her tax information to him in a timely fashion. The existence of a factual dispute as to when petitioner mailed her tax information led to a hearing regarding such issue. The Hearing Examiner determined that the documents had not been mailed until May 3, 1999, and, therefore, dismissed the petition. Family Court upheld the Hearing Examiner's decision and this appeal ensued.

Petitioner contends that her delay in providing the tax information to respondent should be excused. It is well established that the terms of a separation agreement incorporated, but not merged, into a judgment of divorce are contractually binding on the parties (see Matter of Gravlin v Ruppert, 98 NY2d 1, 5; Hoskins v Skojec, 265 AD2d 706, lv denied 94 NY2d 758). Such an agreement is, thus, construed consistent with basic principles of contract law (see Su v Su, 268 AD2d 945, lv denied 95 NY2d 752) and its terms "should not be freely disregarded" (Matter of Boden v Boden, 42 NY2d 210, 212-213). Here, the separation agreement unequivocally required exchange of tax

---

1. The separation agreement, apparently anticipating that one or both of the parties would move to New York, provided that it would be interpreted in accordance with Colorado and New York law; but, in the event of a conflict, New York law would control.

returns "no later than May 1st." Moreover, in a 1998 order, the Hearing Examiner devoted an entire paragraph to warning the parties of the importance of complying with the unambiguous deadline. Despite such warning and the dismissal of her 1997 petition for failing to comply with the deadline, petitioner continued to treat the specific and clear terms of the agreement in a cavalier manner.[2] Significantly, petitioner did not assert that the needs of the child were not being met. Indeed, if such an allegation had been implicated, a modification could have been sought regardless of the terms of the separation agreement (*see Harriman v Harriman*, 227 AD2d 839, 841). Instead, petitioner sought modification under the terms of the separation agreement, but failed to comply with the conditions for seeking such a modification. Accordingly, it was not error for Family Court to enforce the clear terms of the parties' agreement.

The further arguments for affirming asserted by respondent are academic.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. It merits mentioning that petitioner, whose current spouse is an attorney, was represented by counsel when obtaining the divorce and in both the 1997 and 1999 proceedings.