*46 OPINION OF THE COURT
Esther M. Morgenstern, J.
Petitioner filed an interstate child support petition pursuant to the Uniform Interstate Family Support Act (UIFSA) in Orange County, California, on November 7, 2000. The petition was received by the Kings County UIFSA Clerk on May 8, 2001, and a summons and notice were issued by the clerk of the court on May 30, 2002.
Although this is a UIFSA case, petitioner seeks to enforce a New York support order while she is in violation of a New York order staying the prior support order. Petitioner has not cured the violation and therefore files the instant petition with unclean hands. Further, petitioner did not move to enforce the New York order of support for 11 years.
The goal of UIFSA is to eliminate the problems arising from multiple support orders from different states by providing for one tribunal to have continuing and exclusive jurisdiction to establish or modify a child support order. (See Family Ct Act § 580-101 et seq.; Peddar v Peddar, 43 Mass App Ct 192, 683 NE2d 1045 [1997].) There should thus be only one support order at any given time which would be recognized and enforced by all states.
Once a court enters a support order, no court may modify said order as long as the obligee, obligor, or child continues to reside within the jurisdiction. (See Family Ct Act § 580-205.) In the case at bar, Hearing Examiner Rachel Adams entered a support order in New York in 1991. Family Court Judge Yancey of New York modified said order. Petitioner mother cannot wait 11 years before moving to modify or appeal said modified order while being in contempt of Judge Yancey’s order. New York has continuing jurisdiction over the issue of child support, due to respondent’s ongoing residency here, which pursuant to UIFSA precludes any other state from modifying the initial child support order. (See 28 USC § 1738B; Matter of Reis v Zimmer, 263 AD2d 136 [4th Dept 1999]; Family Ct Act § 580-205 [“Continuing, exclusive jurisdiction”].)
Proceedings were subsequently held before Hearing Examiner Israella Mayeri, and various discovery requests were initiated by respondent. Respondent alleged that petitioner’s responses to discovery were incomplete and/or untimely.
Respondent moved before the Hearing Examiner to dismiss the petition on the grounds of inappropriate response to *47 demands for discovery[1] and res judicata. The motion based on res judicata was subsequently referred to this court for decision.
The basis for respondent’s motion to dismiss on the grounds of res judicata followed from a prior support petition, filed by petitioner herein against respondent. On February 2, 1989, petitioner moved for the enforcement of a Supreme Court, Kings County, judgment granting support in the matter captioned Bouzaglou v Bouzaglou (Index No. 2564/86).
On August 9, 1991, in Family Court, Kings County, Hearing Examiner Rachel Adams, under Docket No. F 7044/91, ordered that respondent pay a money judgment in the amount of $3,416, and continued a final order of support in the amount of $300 weekly, with $25 weekly applied to arrears of $3,416.
On September 6, 1991, respondent father filed a custody petition in this court. In said petition, respondent alleged, inter alia, that petitioner mother had moved to California, and that her whereabouts were unknown. Custody had been awarded to petitioner mother pursuant to a January 24, 1990 judgment of divorce.
Apparently, petitioner mother had relocated with the children to California, because shortly thereafter, on October 18, 1991, Family Court Judge Virginia E. Yancey issued an order (on the same Docket No. F 7044/91) which vacated the support order of Hearing Examiner Adams. Judge Yancey’s order vacating the support order is here reproduced in full:
“Order of Support of Hearing Examiner of $300/wk plus $25/wk upon arrears, [sic] of $3416. as of 8/16/91 is vacated effective from 9/6/91.
“Any sums due from 9/6/91 until return of children to jurisdiction of this court or a further order of this court is vacated.
“Any arrears are held in abeyance and enforcement of judgement is stayed pending return of children or further application.
“Petition Dismissed.”[2]
*48 In the case at bar, petitioner mother maintains that Judge Yancey’s order should be set aside by this court as contrary to United States (pursuant to UIFSA) and New York State policy (pursuant to Family Ct Act art 5-B, New York’s adoption of UIFSA).
Petitioner acknowledges the existence of Judge Yancey’s order, which bars her pending support action from proceeding, by asking this court to vacate said order so that the support action may, in fact, proceed. Respondent, in opposition, relies on Judge Yancey’s order as the basis to dismiss the support petition, maintaining that the order’s condition precedent, the return of the children to the jurisdiction, has not been met.
Petitioner’s appropriate remedy with respect to Judge Yancey’s order was compliance, or an appeal, a motion to vacate, or to reargue or renew. Petitioner’s instant motion before this court, a court of coordinate jurisdiction with that which issued the order, for a vacatur order 11 years after the fact, is hereby denied.
Since it has the effect of conditioning support on visitation, Judge Yancey’s 1991 order appears to be in contravention to current public policy as codified in UIFSA, enacted in New York in 1997 as Family Court Act article 5-B, and specifically with respect to Family Court Act § 580-305. Although scant case law exists with respect to UIFSA in this state, and research has revealed no reported cases with respect to Family Court Act § 580-305,[3] the Practice Commentaries thereto state in relevant part,
"The responsibilities and the powers of the responding state are spelled out in Section 580-305. * * * The only authority the court specifically lacks is the ability to condition support payments upon compliance with visitation (Subdivision (d)). Decoupling child support from visitation has been prevalent in recent years; the new Act codifies the practice nationally * * * ” (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 580-305, at 241).
*49 However, the only reported cases from other jurisdictions interpreting their analogue to Family Court Act § 580-305 have held that visitation issues should not be litigated in the context of UIFSA proceedings. (See In Interest of R.L.H., 942 P2d 1386 [Colo App 1997]; Chaisson v Ragsdale, 323 Ark 373, 914 SW2d 739 [1996].) “Indeed, the Act specifically prohibits conditioning support orders upon compliance with visitation rights” (id. 323 Ark at 375, 914 SW2d at 741; see also Cornish, Miller and Spector, Oklahoma Introductory Comment of the Uniform Interstate Family Support Act, 43 Okla Stat Ann Free § 601-100, at 4 [2001] [“the responding tribunal may not condition the payment of a support order upon compliance by a party with the provisions for visitation. § 305 (d)”]).
Accordingly, this court holds that petitioner’s support petition for future support for the subject minor must be allowed to proceed.
UIFSA applies retroactively to all orders made pursuant to the statutory structure (in New. York, this was the Uniform Support of Dependents Law [USDL]) which existed prior to its 1997 adoption in this state; and thus applies to Judge Yancey’s 1991 order. (See Matter of Parenzan v Parenzan, 285 AD2d 59 [2d Dept 2001].)
The court is aware that UIFSA was enacted for the sole purpose of enforcement of interstate child support orders. The duties of the responding tribunal relate to enforcing child support orders, and UIFSA prohibits conditioning support orders upon compliance with visitation. However, in the case at bar, petitioner mother seeks to use the courts although she continues to be in contempt of its orders. Petitioner mother’s contempt of Judge Yancey’s order is not a “collateral matter” relating to visitation. She defied Judge Yancey’s order by removing the children from the jurisdiction and failing to return them to the jurisdiction. The court cannot sanction the contempt of a lawful court order by granting her arrears and retroactive support.
Above all, this court’s paramount focus must be on the best interests of the child. (See, e.g., Matter of Wright v LaRose, 271 AD2d 615 [2d Dept 2000]; Matter of Brown v Dilone, 258 AD2d 650 [2d Dept 1999].) This court cannot permit the parties’ unemancipated child[4] to be without an appropriate level of financial support, to be determined by the Hearing Examiner, due to an outstanding order which, regardless of its propriety *50 when issued, now contravenes current United States and New York State public policy.
Further, there exists an overriding public policy in this jurisdiction of ensuring adequate child support. (See Priolo v Priolo, 211 AD2d 627 [2d Dept 1995]; Family Ct Act § 413 [1].) Additional policy considerations in this jurisdiction dictate that children should not have to bear the economic burden of their parents’ separation. (See Reis v Zimmer, supra; Blaikie v Mortner, 274 AD2d 95 [1st Dept 2000].)
Respondent’s motion to dismiss the instant support petition is therefore denied in part and granted to the extent of arrears dating from Hearing Examiner Adams’ 1989 support order. No retroactive payments or arrears dating from said order are to be awarded to petitioner due to her contempt of Judge Yancey’s order.
Hearing Examiner Mayeri must determine the amount of child support and issue a support order; however, such order shall be prospective only from the date of this decision and order.
The matter is referred back to Hearing Examiner Mayeri for determination of the amount of future support.

. In a written opinion, Hearing Examiner Mayeri decided the discovery-related motions in favor of petitioner.

. Judge Yancey subsequently reiterated this directive in an October 24, 1991 order which, while affirming Hearing Examiner Adams’ findings and order, stated in part, “However, on October 18, 1991, the Court vacated the order of support as of 9/6/01 as the Petitioner has removed the children from the jurisdiction. If and when the children are returned to the jurisdiction *48 then an application may be made to reinstate the order of support.” For 11 years, petitioner mother did not move to reinstate the order of support.

. The court notes the statement of the statute’s official commentator in this regard: “As of the date of this Commentary, there are no reported decisions interpreting or applying. Section * * * 580-305.” (Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 580-305, at 242.)

. One of the parties’ two children recently became emancipated.