■ HENRIETTE LOUZOUN, Also Known as MALKA LOUZOUN, Appellant, v JOSEPH MONTALTO, Respondent. [893 NYS2d 630]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Zimmerman, J.), entered September 11, 2008, which, after a nonjury trial, inter alia, equitably distributed the parties' marital property, determined a visitation schedule for the defendant with the parties' children, calculated the parties' respective child support obligations, directed that the defendant's child support

payments "commence on . . . March 5, 2008," failed to direct the defendant to pay any of the fees associated with the two younger children's extracurricular activities at Yeshiva Har Torah, and failed to credit the plaintiff for 50% of her contributions to the mortgage principal and to capital improvements referable to the marital residence from the date the defendant vacated the marital residence until the date of the sale of the marital residence.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting from subsection "A" of the fourth decretal paragraph thereof, the words "which payment shall commence on . . . March 5, 2008," and substituting therefor the words "The award of child support is retroactive to July 15, 2005, the date the plaintiff served her summons and verified complaint," (2) by adding to subsection "E" of the fourth decretal paragraph thereof, the words "The father is also directed to pay 50% of the fees associated with the extracurricular activities of the two younger children at Yeshiva Har Torah directly to the school," and (3) by adding to the sixth decretal paragraph thereof the words "Upon the sale of the marital residence, the plaintiff shall receive credit for 50% of her contributions to the mortgage principal and to capital improvements referable to the marital residence from the date the defendant vacated the marital residence until the date of the sale of the marital residence"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court erred in failing to make its award of permanent child support retroactive to the date the plaintiff served her summons and verified complaint containing a request for child support (*see* Domestic Relations Law § 236 [B] [7] [a]; *Burns v Burns*, 84 NY2d 369, 377 [1994]; *Donovan v Szlepcsik*, 52 AD3d 563, 564 [2008]; *Higgins v Higgins*, 50 AD3d 852, 854 [2008]).

Under the circumstances of this case, directing the defendant to pay for half of the extracurricular expenses of the two younger children through the eighth grade is in those children's best interests and supported by the requirements of justice (*see* *Marin v Marin*, 283 AD2d 615 [2001]; *Chan v Chan*, 267 AD2d 413 [1999]).

Upon the sale of the marital residence, the plaintiff should receive credit for 50% of her contributions to the mortgage principal and to capital improvements referable to the marital residence from the date the defendant vacated the marital residence until the date of the sale of the marital residence (*see* *Palumbo v Palumbo*, 10 AD3d 680, 682 [2004]; *Litman v Lit-*

*man*, 280 AD2d 520, 522 [2001]; *MacDonald v MacDonald*, 226 AD2d 596, 597 [1996]; *Phelan v Phelan*, 148 AD2d 433, 435 [1989]; *see also Frost v Frost*, 49 AD3d 1150, 1151 [2008]; *Arnold v Arnold*, 309 AD2d 1043, 1045 [2003]; *Martusewicz v Martusewicz*, 217 AD2d 926, 928 [1995]; *Larsen v Larsen*, 54 AD2d 1073, 1074 [1976]; *cf. Field v Kaliszewski*, 250 AD2d 728, 729 [1998]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.