◾ In the Matter of WANDA M., Respondent, v LAWRENCE T., Appellant. [915 NYS2d 610]—

In a paternity proceeding pursuant to Family Court Act article 5, the putative father appeals from (1) an order of the Family Court, Westchester County (Malone, J.), dated December 24, 2009, which, after a hearing, determined that he is the father of the subject child, and (2) an order of filiation of the same court, also dated December 24, 2009, adjudging him to be the father of the subject child.

Ordered that the appeal from the first order dated December 24, 2009, is dismissed, without costs or disbursements, as no appeal lies as of right from that order (see Family Ct Act § 1112; Matter of Jane PP. v Paul QQ., 64 NY2d 15 [1984]); and it is further,

Ordered that on the Court's own motion, the notice of appeal from the second order dated December 24, 2009, is deemed an application for leave to appeal and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the order of filiation dated December 24, 2009, is affirmed, without costs or disbursements.

The Family Court properly applied the doctrine of equitable estoppel in determining that the appellant was the father of the child and in denying his request for a genetic marker test. "[A] man who has held himself out to be the father of [the] child, so that a parent-child relationship developed between the two, may be estopped from denying paternity" (Matter of Shondel J. v Mark D., 7 NY3d 320, 327 [2006]). In determining whether the doctrine should apply, it is the child's best interests that are

of paramount concern (*see Matter of Greg S. v Keri C.*, 38 AD3d 905 [2007]). While a party to a paternity proceeding is generally entitled to a genetic marker test, no genetic marker test shall be ordered if the court finds that it is not in the best interests of the child on the basis of equitable estoppel (*see* Family Ct Act § 532 [a]; *see also Matter of Westchester County Dept. of Social Servs. v Robert W.R.*, 25 AD3d 62, 71 [2005]).

Here, the testimony at the hearing demonstrated that the subject child, as well as the parties, have always believed that the putative father is the subject child's father. The mother testified to an exclusive sexual relationship with the putative father during the relevant period, and gave the subject child the putative father's last name at her birth. Shortly thereafter, the putative father visited with the subject child and petitioned for visitation. Over the years, he identified himself to the subject child as her father, who always called him "dad." Testimony also was elicited that the subject child wants a relationship with the putative father, who acknowledged that the subject child would be upset if a genetic marker test showed that he was not her biological father. Under the circumstances, the best interests of the child support the Family Court's determination to invoke the doctrine of equitable estoppel.

The putative father's remaining contentions are without merit. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.