*542 OPINION OF THE COURT
Bernice D. Siegal, J.
Motion by defendant for an order declaring that plaintiff Solly M.’s judicial consent to the adoption of the minor child the subject of a stepparent adoption proceeding in the Surrogate’s Court, Bronx County, dated March 15, 2000 (the judicial consent), terminated Solly M.’s parental rights regarding the minor child.
The issue before this court is whether the provision in a judicial consent by a birth parent for the private placement adoption of a child, which provided that “the consent becomes irrevocable when executed,” is equivalent to an adoption for the purpose of extinguishing the birth parent’s obligation to pay child support. For the reasons set forth below, the court denies plaintiffs motion and holds that the judicial consent without the finalization of an adoption does not extinguish the parent’s obligation to pay child support.
Plaintiff Solly M., the birth father, and defendant Audrey S. conceived a daughter out of wedlock on August 11, 1995. It is undisputed that the parties subsequently separated and that Audrey S. requested that the birth father execute a judicial consent in support of a stepparent adoption petition allowing defendant Deland W. to become the adoptive stepfather. The adoption petition was filed by Audrey S. and Deland W; the birth father thereafter appeared before the Surrogate’s Court on March 15, 2000 and executed the judicial consent to the adoption of his daughter in compliance with Domestic Relations Law § 115-b. Solly M. maintains that after signing the judicial consent, he had no further parental rights regarding the minor child. Audrey S. contends that the judicial consent did not terminate Solly M.’s parental obligations.
Solly M. now moves by order to show cause for an order declaring his judicial consent to the adoption of the minor child, the subject of a stepparent adoption proceeding, terminated his parental rights regarding the minor child. In support of his order to show cause, Solly M. includes a complaint, a Judicial Consent-Birth or Legal Parent-Private Placement (as more fully described below), the petition for a violation of support order filed by Audrey S. in Family Court and a cross petition by Solly M. to terminate the order of support. In opposition, Audrey S., in addition to Family Court orders of support, provides the order of the Surrogate granting Audrey S. the right to withdraw the private placement adoption dated October 3, 2001.
*543 The judicial consent states in pertinent part that “this consent becomes irrevocable when executed or acknowledged before a judge or surrogate, and thereafter no action or proceeding may be maintained by [Solly M.] for the custody of the child.” Thereafter the Bronx County Surrogate executed the judicial consent. It is undisputed that the adoption petition was subsequently withdrawn on October 3, 2001. Solly M. contends that the petition was withdrawn without his knowledge. Audrey S. contends that the adoption process was undertaken with the best interests of the minor child in mind but fails to state why the petition was eventually withdrawn. However, the reason for withdrawal is not relevant to the issue at hand. In any event, the adoption was never finalized.
It is well settled that parents have a duty to support their minor children. (Family Ct Act § 413; Matter of Roe v Doe, 29 NY2d 188 [1971].) However, “[t]he majority of state courts have held that, ‘absent a statute directing otherwise, an order terminating parental rights severs the parent-child relationship to the degree that the parent no longer owes a duty to support the child.’ ” (In re T.K.Y., 205 SW3d 343, 354 [Tenn 2006], quoting McCabe v McCabe, 78 P3d 956, 960 [Okla 2003].) Significantly, there is no such statutory provision codified in New York.
Consistently, courts have construed the Domestic Relations Law and Family Court Act to provide for the best interests of the minor child (Matter of Wanda M. v Lawrence T., 80 AD3d 765, 766 [2d Dept, Jan. 25, 2011] [based on the “best interests of the child” a putative father is equitably estopped from denying paternity when he holds himself out as child’s father and child always believed that putative father was the father]; Matter of Eberhardt, 83 AD3d 116 [2d Dept, Mar. 29, 2011] [the court must consider whether child’s best interests will be substantially promoted by proposed name change of minor child]), especially with respect to financial support. (Matter of Duggan v Duggan, 83 AD3d 703 [2d Dept, Apr. 5, 2011] [a stipulation reducing the amount of monthly child support was invalid as it failed to consider the “best interests of the children”], citing Matter of Gravlin v Ruppert, 98 NY2d 1 [2002]; Louzoun v Montalto, 70 AD3d 652 [2d Dept 2010] [based on the particular circumstances, ordering defendant to pay for extracurricular activities for the minor children through eighth grade was in the best interests of the children]; Matter of Niewiadomski v Jacoby, 61 AD3d 871, 872 [2d Dept 2009] [in determining *544 whether to award educational expenses in a child support proceeding the court must consider the “best interests of the (child)”].)
A parent may not contract away his or her obligation to support a minor child in the interest of protecting the welfare of minor children. (Strenge v Bearman, 228 AD2d 664 [2d Dept 1996], citing Pecora v Cerillo, 207 AD2d 215 [2d Dept 1995].) A parent’s duty to support his or her minor child is “primary in nature” and that parent remains legally obligated for the support of such minor child until such time as the adoption is finalized. (Matter of Harvey-Cook v Neill, 118 AD2d 109, 112 [2d Dept 1986].) Although the father in Harvey-Cook executed a “Surrender of Guardianship and Custody” whereby he authorized the agency to “place the child in an adoptive home or to otherwise assume all parental responsibilities for such child” (Harvey-Cook, 118 AD2d at 110), the adoption did not become final and the court held that the father was responsible for continuing child support. (Id.)
In the instant matter, defendant Deland W, the proposed adoptive stepfather, never formalized the adoption. Solly M. is asking this court to absolve a natural father from his obligation to support his minor child where the child would not have a father to assume the duties of basic child support. His contention that the mother actively pursued the adoption and that her failure to follow through on the adoption, and her subsequent failure to actively locate him for eight years, should prevent her from seeking child support is clearly against public policy because it would not take into account the best interests of the child (cf. Matter of Wanda M. v Lawrence T., 80 AD3d 765 [2011], supra; Matter of Eberhardt, 83 AD3d 116 [2011], supra; Matter of Duggan v Duggan, 83 AD3d 703 [2011], supra, citing Matter of Gravlin v Ruppert, 98 NY2d 1 [2002], supra; Louzoun v Montado, 70 AD3d 652 [2010], supra; Matter of Niewiadomski v Jacoby, 61 AD3d 871 [2009], supra) and would not ensure adequate child support for the child (Priolo v Priolo, 211 AD2d 627 [2d Dept 1995] [New York State has a clear public policy ensuring adequate child support for minor children]).
Plaintiff, in reply, relies on a Family Court case wherein the court found that the parental rights of the biological father, who was incarcerated for the attempted murder of his wife, were terminated based upon his execution of extrajudicial consents to the adoption of his children despite the failure to complete the adoption proceeding. (Matter of Michael S., 159 Misc 2d 894 *545 [Fam Ct, Westchester County 1993].) In Michael S., the wife, and mother of the children, sustained severe head trauma from attempted murder that caused her to be in a coma and vegetative state. The Family Court in Michael S. was clear to note that the decision was based on the “unique circumstances” of the case, including the father’s incarceration and the mother’s vegetative state. Furthermore, it is apparent that the best interests of the children were served by accepting “extrajudicial consent! ],” of the father who was incarcerated, to help facilitate the adoption of the children who were left virtually parent-less. In the within action, the best interests of the child would not be served if the court allows the judicial consent of the father to terminate his duty to pay child support.
Plaintiff is essentially asking this court to punish the minor child for the laches of the mother. As the purpose of “the imposition of support obligations is for the welfare of the child, a parent should not be able to avoid his or her duty to support the child by claiming that the other parent is guilty of laches.” (See Robinson v Aspinall, 238 AD2d 255, 256 [1st Dept 1997] [citation omitted], citing Matter of Discenza v Dann OO., 148 AD2d 196 [3d Dept 1989], lv dismissed 75 NY2d 765 [1989].)
Furthermore, in child support proceedings the “best interest of the child! ]” are of a paramount concern. (See Trag v Frank, 110 AD2d 631 [2d Dept 1985].) It is without question it is in the best interest of the minor child for the father to assume his child support obligations, especially where there was no valid adoption by the proposed stepfather.
In sum, based upon the best interests of the child and the fact that the adoption proceeding was never finalized this court finds that the judicial consent failed to terminate Solly M.’s parental rights regarding the minor child.
Accordingly, plaintiffs motion is denied.