Louzoun v Montalto (2018 NY Slip Op 04710)





Louzoun v Montalto


2018 NY Slip Op 04710


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-12005
 (Index No. 203149/05)

[*1]Henriette Louzoun, also known as Malka Louzoun, appellant, 
v
Joseph Montalto, respondent.


H. Malka Louzoun, named herein as Henriette Louzoun, also known as Malka Louzoun, New York, NY, appellant pro se.
Andrew J. Wigler, Great Neck, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated October 21, 2015. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, to hold the defendant in civil contempt, and to reopen the divorce action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on September 20, 1992, and had three children together. In 2005, the plaintiff commenced this action for a divorce and ancillary relief (hereinafter the divorce action), which was highly contested and litigated over the course of an eight-day nonjury trial. In a judgment of divorce entered September 11, 2008, the Supreme Court, inter alia, equitably distributed the parties' marital property, determined an access schedule for the defendant with respect to the parties' children, and calculated the parties' respective child support obligations. The plaintiff appealed from that judgment. In a decision and order dated February 2, 2010, this Court modified the judgment (see Louzoun v Montalto, 70 AD3d 652). Between 2011 and 2014, the parties also were involved in several Family Court proceedings, inter alia, to modify the child support obligations.
In July 2015, the plaintiff moved in the Supreme Court, inter alia, to hold the defendant in civil contempt for his alleged "willful refusal to comply with Domestic Relations Law § 236, requiring compulsory discovery." She further contended that the defendant committed fraud [*2]and perjury during the divorce action by allegedly failing to disclose certain funds he purportedly received from his parents, and sought to "reopen" the divorce action. The court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
" A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence'" (Savel v Savel, 153 AD3d 872, 873, quoting Matter of Hughes v Kameneva, 96 AD3d 845, 846; see Cassarino v Cassarino, 149 AD3d 689, 690). The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct (see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of McCormick v Axelrod, 59 NY2d 574, 583).
Applying these principles here, we agree with the Supreme Court's exercise of its discretion in denying that branch of the plaintiff's motion which was to hold the defendant in civil contempt. There was no showing, by clear and convincing evidence, that the defendant violated a clear and unequivocal mandate of the court.
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court