(March 15, 1993)

■ AMINA ANJAM, Respondent, v RASHAD ANJAM, Appellant. [594 NYS2d 822] —In a matrimonial action in which the parties were divorced by judgment dated May 2, 1989, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 6, 1992, which, *inter alia,* granted those branches of the plaintiff's motion which were for upward modification of child support from $100 to $200 per week, attorneys' fees in the amount of $5,000, reimbursement for the child's medical expenses, proof that the defendant has obtained life insurance, and disclosure by the defendant of his assets and income, denied those branches of the defendant's cross motion which were, *inter alia,* for authorization for removing his personal effects and clothing from the former marital residence, and granted, without a hearing, that branch of his cross motion which was to compel the plaintiff to raise the parties' infant child in the Islamic faith.

Ordered that the appeal from so much of the order as granted, without a hearing, that branch of the defendant's cross motion which was to compel the plaintiff to raise the parties' infant child in the Islamic faith is dismissed, without costs or disbursements, on the ground that the appellant is not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that the order is modified, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for upward modification of child support, for attorneys' fees, and for reimbursement for medical expenses, and denied that branch of his cross motion which was for authorization to remove his personal effects and clothing from the former marital residence; as so modified, the order is affirmed insofar as appealed from and reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issues of child support, attorneys' fees, whether the defendant has complied with section 2.2.1 of the parties' separation agreement for the purpose of establishing whether he should be required to pay all the unreimbursed medical expenses, and with respect to the disposition of certain items of the former husband's personalty which were left in the former marital residence.

Under these circumstances, where there were conflicting affidavits as to the amount of the former husband's income and no explanation as to how the plaintiff's counsel arrived at the $5,000 figure which he claimed represented the cost of services rendered, it was improper for the Supreme Court to have increased child support and awarded attorneys' fees without a hearing (see, Biegeleisen v Biegeleisen, 124 AD2d 692). Therefore, as the plaintiff correctly concedes, the matter should be remitted for a hearing on these matters. Furthermore, because the record fails to provide a clear basis for resolution, we direct that the hearing should also address the matter of the former husband's compliance with section 2.2.1 of the parties' separation agreement for the purpose of establishing whether the former husband is required to pay all or only half of the unreimbursed medical expenses incurred by the parties' child Saima, and the disposition of certain items of the former husband's personalty which were left in the former marital residence.

We reject the former husband's contention that upon remittitur, Justice DiNoto should recuse himself. Recusal is not statutorily warranted in these circumstances because of consanguinity, financial interest or the like. Thus, the matter of recusal should be left to the personal conscience of Justice

DiNoto *(see, Manhattan School of Music v Solow,* 175 AD2d 106). The husband has failed to set forth any demonstrable proof of bias to warrant the conclusion that Justice DiNoto's refusal to recuse himself would constitute an improvident exercise of his discretion *(see, Poli v Gara,* 117 AD2d 786).

In view of the need for a hearing, we do not disturb the provision of the order which directed the former husband to disclose, *inter alia,* his assets.

The former husband's remaining contentions are without merit. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.