■ In the Matter of PASQUALE J. CURCIO et al., Respondents, v WILLIAM H. KELLY et al., Appellants, et al., Respondents. [597 NYS2d 731] —In a proceeding to declare certificates of election of party officers filed by the appellants to be null and void, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated December 18, 1992, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners, Pasquale J. Curcio and Anthony J. Gazzola, were the duly elected Chairs of the Suffolk County Conservative Committee and the Brookhaven Town Conservative Committee, respectively, prior to and including September 23, 1992. On September 23, 1992, the Suffolk County Conservative Party held an organizational meeting, as a result of which certificates of election of officers were duly filed with the Suffolk County Board of Elections by the petitioners Pasquale J. Curcio, as Chair of the Suffolk County Conservative Committee, and Anthony J. Gazzola as Chair of the Brookhaven Town Conservative Committee, as well as by the appellants William H. Kelly, as Chair of the Suffolk County Conservative Committee, and Daniel Fennessy, as Chair of the Brookhaven Town Conservative Committee.

Thereafter, the petitioners commenced this proceeding, seeking, *inter alia*, to have the certificates filed by the Kelly and Fennessy slates declared null and void. The appellants interposed an answer, which contained general denials, as well as a counterclaim which did not name all the individuals constituting the Curcio and Gazzola slates. The counterclaim sought to have the certificates of election of officers filed by the Curcio and Gazzola slates declared invalid. Contemporaneously, the appellants also served a purported third-party petition without first obtaining leave of the court.

Subsequently, the petitioners moved to dismiss the counter-

claim and the third-party petition, on the grounds, *inter alia,* that the counterclaim fails to name all necessary parties, and that no third-party practice is permitted in a special proceeding without leave of court. The appellants cross-moved, *inter alia,* for leave to serve a counterclaim nunc pro tunc joining all necessary parties, for leave to interpose a cross claim, for leave to serve the third-party petition, and to dismiss the petition for failure to join all necessary parties.

In the judgment appealed from, the Supreme Court granted the petition, dismissed the counterclaim for failure to join necessary parties, dismissed the third-party petition, and denied leave to interpose the cross claim.

We find that the court properly dismissed the third-party petition since the appellants failed to obtain leave of court before interposing it *(see,* CPLR 401). Moreover, the 10-day limitations period provided in Election Law § 16-102 (2) had expired prior to the purported interposition of the third-party petition *(see, Matter of Williams v Rensselaer County Bd. of Elections,* 98 AD2d 938).

The court also properly dismissed the counterclaim for failure to name all the necessary parties. That error was fatal, and leave to amend the counterclaim to include those parties after the 10-day limitations period had run would have been improper *(see, Matter of Marin v Board of Elections,* 67 NY2d 634; *Matter of Greenspan v O'Rourke,* 27 NY2d 846).

The court further properly denied the appellants' request for leave to interpose a cross claim nunc pro tunc, since their motion papers failed to annex a copy of the proposed cross claim.

Summary determination of the petition was also proper. Election Law § 16-100 (1) provides that "[t]he supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any subject set forth in this article, which shall be construed liberally". Upon searching the record, the Supreme Court properly determined that the appellants were not elected at a duly constituted meeting, their purported election was invalid as a matter of law, and there was no material issue of fact requiring a hearing *(see, Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.],* 18 NY2d 250, 255, *cert denied* 385 US 1006; *Matter of Jones v Marcy,* 135 AD2d 887).

The appellants also failed to set forth proof which would have required recusal of the Justice presiding over the proceeding. "Absent a legal disqualification under Judiciary Law

§ 14, a Trial Judge is the sole arbiter of recusal. This discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from inappropriate awareness of 'nonjudicial data' " *(People v Moreno,* 70 NY2d 403, 405, quoting from *People v Horton,* 18 NY2d 355, 362, *cert denied* 387 US 934). The appellants have failed to set forth any demonstrable proof of bias to warrant the conclusion that Justice Gerard's failure to recuse himself was an improvident exercise of discretion *(see, Anjam v Anjam,* 191 AD2d 531; *Manhattan School of Music v Solow,* 175 AD2d 106, 109; *People v Bartolomeo,* 126 AD2d 375). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.