■ BRADLEY J. STRENGE, Appellant, v JERRY BEARMAN et al., Respondents. (Matter No. 1.) In the Matter of JERRY BEARMAN et al., Respondents, v BRADLEY J. STRENGE, Appellant, and DEANNA BEARMAN-STRENGE, Respondent. (Matter No. 2.) [645 NYS2d 315]

On June 22, 1985, the plaintiff, Bradley J. Strenge, married Deanna Bearman, the daughter of the defendant Brenda Sue Bearman, and the stepdaughter of the defendant Jerry Bear-

man. In June of 1988, the plaintiff adopted William, Deanna's son from a prior marriage. By September 1988, the plaintiff and Deanna were separated, and subsequently, the plaintiff and Deanna were divorced. However, in September 1989 an agreement was prepared by which the defendants agreed to have custody of William and assume the costs and expenses thereof.

In May of 1994 the defendants filed a petition in the Family Court, Orange County, under Family Court Act article 4, against the plaintiff and Deanna seeking support for William. On June 8, 1994, a Hearing Examiner of the Family Court temporarily ordered the plaintiff to pay $25 per week as child support. Thereafter, the plaintiff commenced an action in the Supreme Court, Orange County, against the defendants seeking, *inter alia,* a declaratory judgment regarding the enforceability of the custody agreement and damages for breach of that agreement, and the defendants counterclaimed for $30,000 for reimbursement for money lent to the plaintiff and Deanna to purchase a house. The Supreme Court, finding that there were common issues of law and fact, joined the support proceeding with the Supreme Court action. Thereafter, the plaintiff moved for summary judgment on the complaint and counterclaim, and the defendants cross-moved for an annual support award. The Supreme Court dismissed the complaint and counterclaim and severed and referred the support proceeding to the Family Court.

On appeal, the plaintiff argues, *inter alia,* that the agreement was enforceable, the Supreme Court failed to consider his reliance on the agreement, and the defendants did not show an entitlement to a modification of support.

When the plaintiff adopted William, he became his parent (*see,* Domestic Relations Law § 110). Pursuant to Family Court Act § 413 (1) (a), parents of a child under the age of 21 are chargeable with the support of their child. Further, summary judgment dismissing the complaint was appropriate because an action to enforce an agreement in which a parent purports to contract away his or her obligation to support his or her child contravenes public policy (*see, e.g., Pecora v Cerillo,* 207 AD2d 215, 217).

The defendants' cross motion to increase the plaintiff's support payments was referred to the Family Court for determination and remains pending and undecided. Therefore, the appeal from so much of the order as pertained to the cross motion is dismissed (*see, Katz v Katz,* 68 AD2d 536, 543).

The plaintiff's remaining contentions are without merit. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.