■ In the Matter of ARNOLD B. FIRESTONE, et al., Appellants, v FRANCES SIEMS et al., Respondents, et al., Respondents. [708 NYS2d 891] —In a proceeding pursuant to Election Law article 16, *inter alia,* to enjoin the Commissioners of the Board of Elections of the County of Suffolk from authenticating, among other things, any filing of a certificate of election of officers and party rules for the Suffolk County Committee of the Independence Party of the State of New York, the petitioners

appeal from (1) an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated April 15, 1999, which denied their motion to recuse the Justice presiding over the proceeding, and (2) a judgment of the same court, dated April 28, 1999, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The petitioners failed to set forth proof which required the Justice presiding over the proceeding to recuse himself. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People v Moreno,* 70 NY2d 403, 405). The petitioners have failed to set forth any demonstrable proof of bias to warrant the conclusion that the Justice's failure to recuse himself was an improvident exercise of discretion (*see, Anjam v Anjam,* 191 AD2d 531; *Manhattan School of Music v Solow,* 175 AD2d 106, 109).

The Supreme Court properly concluded that the instant proceeding was subject to the 10-day period of limitations set forth in Election Law § 16-102 (2). Since the instant proceeding was commenced after that period had expired, it was untimely (*see, Matter of Stabile v DeFronzo,* 231 AD2d 577; *Matter of Curcio v Kelly,* 193 AD2d 738). S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.