■ John Modica et al., Respondents-Appellants, v Salvatore Modica, Appellant-Respondent. (Action No. 1.) John Modica et al., Respondents-Appellants, v Salvatore Modica, Appellant-Respondent, et al., Respondent. (Action No. 2.) [791 NYS2d 134]—

In an action, inter alia, to impose a constructive trust on certain real property, and a related action, among other things, to enjoin the defendants from denying the plaintiffs access to certain real property, Salvatore Modica, the defendant in action No. 1 and a defendant in action No. 2, appeals from so much of a judgment of the Supreme Court, Queens County (Hart, J.), dated June 19, 2003, as, after a joint nonjury trial, dismissed his counterclaims in action No. 1, and the plaintiffs cross-appeal from stated portions of the judgment which, inter alia, dismissed the complaints, and appeal from an unsigned transcript of the same court dated March 10, 2003, and stated portions of an order of the same court dated June 12, 2003, which, inter alia, in effect, denied their motion for recusal and granted the motion of the defendants pursuant to CPLR 4401 to dismiss both actions.

Ordered that the appeal from the unsigned transcript is dismissed, as no appeal lies from an unsigned transcript (*see Hincapies v New York City Tr. Auth.,* 1 AD3d 561 [2003]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Salvatore Modica.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the actions (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The elements needed for the imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Simonds v Simonds,* 45 NY2d 233 [1978]; *Sharp v Kosmalski,* 40 NY2d 119 [1976]; *Cerabono v Price,* 7 AD3d 479 [2004]; *lv denied* 4 NY3d 704 [Feb. 10, 2005]; *Levy v Moran,* 270 AD2d 314 [2000]; *Ostreicher v Ostreicher,* 238 AD2d 392 [1997]). The

plaintiffs failed to set forth evidence establishing that there was a promise, a transfer in reliance, or unjust enrichment. Therefore, there was no rational process by which the Supreme Court could base a finding in favor of the plaintiffs (*see Szczerbiak v Pilat,* 90 NY2d 553 [1997]; *Johnson v Johnson,* 8 AD3d 625 [2004]; *Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556 [2003]), and the defendants' oral motion pursuant to CPLR 4401 was properly granted.

The plaintiffs' motion for recusal failed to set forth proof which required the Supreme Court Justice presiding over the joint trial to recuse himself. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People v Moreno,* 70 NY2d 403, 405 [1987]). The plaintiffs failed to set forth any demonstrable proof of bias to warrant the conclusion that the Justice's failure to recuse himself was an improvident exercise of discretion (*see Firestone v Siems,* 272 AD2d 544 [2000]; *Anjam v Anjam,* 191 AD2d 531 [1993]; *Manhattan School of Music v Solow,* 175 AD2d 106 [1991]).

The plaintiffs' remaining contentions are without merit.

The contention of the defendant Salvatore Modica regarding dismissal of his counterclaims is unpreserved for appellate review. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.