■ RESORT HRF, Respondent, v OCEAN GARDEN NURSING FA-CILITY, INC., et al., Appellants. [814 NYS2d 179]—

In an action to recover damages for breach of a settlement agreement dated April 5, 1990, and for a judgment declaring that the plaintiff is entitled to collect additional rent pursuant to certain provisions of the settlement agreement, the defendants appeal from (1) a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered December 1, 2003, as amended by an order of the same court entered July 9, 2004, which, upon an order of the same court entered September 26, 2003, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against the defendants Ocean Garden Nursing Facility, Inc., and Morris Tenenbaum in the principal sum of $405,097 for the period between January 1998 and December 2002, and the principal sum of $53,937 for the period between January 2003 and December 2003, and (2) an order of the same court entered July 2, 2004, which denied the motion of the defendants Ocean Garden Nursing Facility, Inc., and Morris Tenenbaum to vacate the judgment on the ground that the trial justice should have recused himself.

Ordered that the appeals by the co-executors of the estate of Michael Tenenbaum are dismissed; and it is further,

Ordered that the judgment entered December 1, 2003, as amended by the order entered July 9, 2004, is modified, on the

law, by adding thereto a provision declaring that the plaintiff is entitled to collect additional rent pursuant to paragraph 5 of the settlement agreement based on a policy change in 1998 that increased the amount of Medicaid reimbursement for capital costs; as so modified, the judgment, as amended, is affirmed; and it is further,

Ordered that the order entered July 2, 2004, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals by the co-executors of the estate of Michael Tenenbaum must be dismissed on the ground that they are not aggrieved by the judgment, as amended, or the subject order. Michael Tenenbaum died on August 25, 2003. Although the judgment was entered December 1, 2003, against all three defendants, including Michael Tenenbaum, by order entered July 9, 2004, the Supreme Court vacated the judgment and severed the action insofar as asserted against him, and on September 16, 2004, substituted the co-executors of his estate in his stead. Under these circumstances, the co-executors of the estate are not aggrieved parties within the meaning of CPLR 5511.

Similarly, the co-executors are not aggrieved by the order entered July 2, 2004, which denied the motion to vacate the judgment on the ground that the trial justice should have recused himself. The motion was made by the two surviving defendants, Ocean Garden Nursing Facility, Inc., and Matityahu Tenenbaum, also known as Morris Tenenbaum (hereinafter the appellants), and the Supreme Court expressly stated that the order was rendered "without prejudice to the rights of the estate of Michael Tenenbaum."

On the merits, the plaintiff established that it was entitled to summary judgment by tendering sufficient evidence to eliminate any material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). A letter dated October 28, 1998, from the New York State Department of Health clearly announced a change in policy with respect to the reimbursement of capital costs for certain nursing homes and related health care facilities. That letter triggered paragraph 5 of the 1990 settlement agreement between the parties' predecessors-in-interest, which unequivocally required the payment, as additional rent, of a sum equal to 100% of the increase in reimbursable annual capital costs that the subject facility would receive from Medicaid as a result of the change in policy. In response, the appellants failed to show the existence of a triable factual issue (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to the appellants' contentions, the trial justice providently exercised his discretion in denying their motion to vacate the judgment on the ground that he should have voluntarily recused himself for a variety of reasons that allegedly collectively created the appearance of impropriety (*see Schwartzberg v Kingsbridge Hgts. Care Ctr.*, 28 AD3d 465 [2006] [decided herewith]).

Since this is a declaratory judgment action, the Supreme Court should have entered a judgment declaring that the plaintiff is entitled to collect additional rent pursuant to paragraph 5 of the 1990 settlement agreement (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The appellants' remaining contentions are without merit. Florio, J.P., Crane, Fisher and Dillon, JJ., concur.