■ ALBERT SCHWARTZBERG et al., Respondents, v KINGSBRIDGE HEIGHTS CARE CENTER, INC., et al., Appellants. [813 NYS2d 191]—

In an action to recover damages for breach of a contract to purchase two nursing homes, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 2, 2004, which denied the motion of the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger, in effect, pursuant to CPLR 4404 (a) to set aside so much of a judgment of the same court entered September 10, 2003, which, upon a jury verdict, is in favor of the plaintiffs and against the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger in the principal sum of $764,190.71, on the ground that the trial judge should have voluntarily recused himself.

Ordered that the appeal by the executors of the estate of the defendant Michael Tenenbaum is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger.

The estate of the deceased defendant, Michael Tenenbaum, is not aggrieved by the order (*see* CPLR 5511). The first sentence of the order confirmed that the motion was made by the two surviving defendants and the penultimate sentence expressly stated that the order was rendered without prejudice to the rights of the estate of the deceased defendant, Michael Tenenbaum.

In the absence of a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of the need for recusal, and his or her decision is a matter of discretion and personal conscience (*see People v Moreno,* 70 NY2d 403, 405 [1987]). Although the ethical standards of judicial conduct require the avoidance of the appearance of impropriety, an ethical violation does not necessarily warrant reversal and a new trial (*see People v Rieman,* 144 AD2d 110, 111-112 [1988]). The inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party (*see State Div. of Human Rights v Merchants Mut. Ins. Co.,* 59 AD2d 1054, 1056 [1977]).

In the present case, the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger concede that there was no basis for a mandatory recusal under Judiciary Law § 14. Their contention that the trial judge should have voluntarily recused himself for a variety of reasons that allegedly collectively created the appearance of impropriety is without merit. A review of the record reveals that none of those reasons, either alone or in combination, suggested any judicial bias that would warrant recusal, reversal, and a new trial (*see People v Saunders,* 301 AD2d 869, 871-872 [2003]). Florio, J.P., Crane, Fisher and Dillon, JJ., concur.