■ Stacy D. Schreiber-Cross et al., Appellants, v State of New York, Respondent. [819 NYS2d 530]—In a claim to recover damages for personal injuries and wrongful death, the claimants appeal from so much of an order of the Court of Claims (Lack, J.), dated November 9, 2005, as denied that branch of their motion which was for recusal.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record does not support a finding that any of the statutory disqualifications set forth in Judiciary Law § 14 are applicable (*see Matter of New York State Assn. of Criminal Defense Lawyers v Kaye,* 95 NY2d 556, 561 [2000]; *Robert Marini Bldr. v Rao,* 263 AD2d 846 [1999]). Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (*see People v Moreno,* 70 NY2d 403, 405 [1987]). Here, the claimants failed to set forth any proof of bias or prejudice (*see Tornheim v Tornheim,* 28 AD3d 534 [2006]). Therefore, the Court of Claims providently exercised its discretion in denying that branch of the claimants' motion which was for recusal. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.