■ In the Matter of NEW YORK CENTRAL LINES, LLC, Appellant, v FRANK VITALE et al., Respondents. [830 NYS2d 597]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered October 19, 2005.

Ordered that the appeal is dismissed, with costs.

The parties' agreement for the purchase and sale of real property contained a clause that "any dispute [that] shall arise . . . shall be determined by Arbitration." The judgment appealed from entered October 19, 2005 provided that specific performance of the parties' contract pursuant to an arbitration award was without prejudice to the respondents seeking in further arbitration proceedings an abatement of a portion of the purchase price, or an equitable share of a condemnation award resulting from the condemnation of a portion of the subject property by the State of New York, and without prejudice to the right of the petitioner in such proceedings to oppose any abatement or equitable sharing of the condemnation award. Since the judgment of the Supreme Court did not resolve the viability of any claims or defenses to an abatement of the purchase price or equitable sharing of the condemnation award, the only issue involved on this appeal, and instead merely stated that the respondents could raise, and the petitioner could oppose, such issues at a further arbitration proceeding, the petitioner is not aggrieved by the judgment appealed from (*see* CPLR 5511; *Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 465, 466 [2006]; *420 E. Assoc. v Estate of Lennon*, 225 AD2d 326 [1996]). Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.