Matter of Onondaga County Dept. of Social Servs. v H.L.S. (2007 NY Slip Op 50709(U))

[*1]

Matter of Onondaga County Dept. of Social Servs. v H.L.S.

2007 NY Slip Op 50709(U) [15 Misc 3d 1116(A)]

Decided on April 4, 2007

Family Court, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 6, 2007; it will not be published in the printed Official Reports.

Decided on April 4, 2007

Family Court, Onondaga County
In the Matter of Onondaga County Department of Social Services obo L.F.R. v H.L.S.
F-00540-06

APPEARANCES OF COUNSEL
Neil M. Gingold, Esq., of counsel, Joseph M. Kelly & Associates, for petitioner; Andrew S. Fusco, Esq. for respondent.

Michael L. Hanuszczak, J.
The petitioner, Onondaga County Department of Social Services on behalf of the maternal grandmother, filed a petition on January 13, 2006 seeking an order directing the respondent-father to pay child support for the subject child who is a recipient of public assistance. The subject child's maternal grandmother, Ms. R., is the grantee on behalf of the child. The respondent asserts that the subject child, who was 17 years of age when the petition was filed, is constructively emancipated. The matter came before a Support Magistrate who transferred the proceeding to a Family Court Judge for a determination on the issue of whether the subject child is emancipated.
Testimony as to whether the subject child was constructively emancipated was taken on January 4, 2007 and March 5, 2007.
The petitioner agency claims that the subject child has never been employed full-time, is attending school, and is receiving public assistance due to her inability to support herself. Her father claims that the subject child without just cause or reason left his home. He further claims that he would willingly welcome the child back into his home and that nevertheless, she is of employable age.
There was very credible and reliable testimony by Ms. Doreen McCarthy, a part-time bookkeeper employed by Theresa N. McCarthy & Associates, that the subject child was employed by the firm as an interviewer from June 22, 2006 until November 12, 2006. Ms. McCarthy testified that during this time period the subject child worked an average of four days per week, for four to five hours each day. On direct examination Ms. McCarthy also testified that the subject child indicated on her job application that she was also employed as an Avon representative and had previously worked for the Wendy's restaurant chain from March 2006 until May 2006.
There was also credible and reliable testimony by Ms. Jill Groce, a JC Penney store manager, that the subject child had a full-time employment certificate from the New York State Education Department which was dated April 18, 2006. Ms. Groce testified that the subject child was hired as a "Holiday Temp." and that her employment was not intended to last past the 2006 holiday season. Ms. Groce testified that the subject child was employed by JC Penney from [*2]November 6, 2006 until December 30, 2006.
Mr. Richard J. Pepper, a GED instructor at the local OCM-BOCES, testified that the subject child earned her GED on February 22, 2007. Mr. Pepper also stated that the subject child was attending nursing classes and the BOCES records received into evidence by the Court reflect that she is currently attending a nursing program which commenced in September of 2006. The Court finds Mr. Pepper's testimony very reliable and credible.
The respondent, H. S., testified that the subject child resided with him from her birth on June 27, 1989 until February 15, 2005, when he agreed that she could live with her maternal grandmother if her maternal grandmother did not require him to pay child support.
It is a matter of fundamental policy that the parents of an unemancipated child are responsible for the support of that child until that child turns 21 years of age. (Family Court Act § 413.) However, a child who is otherwise unemancipated may constructively emancipate herself if she withdraws from parental control and supervision without cause. In such cases, courts have held that the obligation of the parent to support the child may be suspended by the court. (Matter of Roe v. Doe, 29 NY2d 188; Christopher L. v. Gail K., 269 AD2d 847.) Courts have expanded the doctrine of constructive emancipation to include a child of employable age who actively abandons the noncustodial parent by refusing all contact without cause, unless the child is in danger of becoming a public charge. (Chamberlain v. Chamberlain, 240 AD2d 908; Family Court Act § 415; Social Services Law § 101.)
The Court finds based upon the testimony and the credible evidence before it that the respondent has not met his burden of proof on the issue of constructive emancipation. (Hecht v. Hecht, 222 AD2d 589.) The evidence before the Court portrays a teenager who is attending school, working part-time, and receiving public assistance. The public policy in New York state is well settled that it is the parent's duty to provide support for his/her child. This is especially true when, as here, the subject child is a recipient of public assistance and therefore a public charge. The respondent's argument that his prior agreement that the subject child may reside with her maternal grandmother in exchange for an elimination of support payments is unenforceable as this is an invalid contracting away of the subject child's right to support. (Strenge v. Bearman, 228 AD2d 664). The parental duty of child support shall not be eliminated or diminished by an agreement between the father and another party.
The teenager at issue in this matter is attending school and working part-time. She has apparently embarked on a path to responsible adulthood that millions of others have previously followed. To penalize her due to her eligibility for public assistance would not be sound public policy and would also set a bad precedent for those who are simultaneously allowed to work and receive public assistance benefits. Accordingly, the respondent's request to declare the subject child emancipated is denied and the matter is referred back to the Support Magistrate for further proceedings in accordance with this decision.