■ ELENA RUTH SASSOWER et al., Appellants, v NEW YORK TIMES COMPANY et al., Respondents. [852 NYS2d 180]—

In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Loehr, J.), entered July 6, 2006, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denied their cross motion, inter alia, for sanctions pursuant to 22 NYCRR 130-1.1, (2) a judgment of the same court dated August 1, 2006, which, upon the order entered July 6, 2006, is in favor of the defendants and against them dismissing the complaint, and (3) an order of the same court entered September 27, 2006, which denied their motion, among other things, pursuant to CPLR 5015, to vacate the judgment and for recusal.

Ordered that the appeal from the order entered July 6, 2006 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order entered September 27, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order entered July 6, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the plaintiffs' cause of action to recover damages for defamation based on an article that appeared in the defendant New York Times (*see* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). While the plaintiffs claim that the subject article failed to include and recount certain information as desired by the plaintiff Elena Ruth Sassower, editorial decisions on "[t]he choice of material to go into a newspaper" (*Miami Herald Publishing Co. v Tornillo,* 418 US 241, 258 [1974]), and the decision to omit certain details (*see generally Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 383 [1977], *cert denied* 434 US 969 [1977]) are not actionable. In addition, a fair and substantially accurate report of an official, judicial, or legislative proceeding cannot be the basis for a defamation action (*see* Civil Rights Law § 74; *Holy Spirit Assn. for Unification of World Christianity v New York Times Co.,* 49 NY2d 63, 67 [1979]; *Freeze Right Refrig. & A.C. Servs. v City of New York,* 101 AD2d 175, 181-183 [1984]), and the article fairly and accurately reported what occurred at certain hearings. Furthermore, the

article's characterizations of Sassower fall under the category of opinion, and "expressions of an opinion 'false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions' " (*Steinhilber v Alphonse*, 68 NY2d 283, 286 [1986], quoting *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d at 380).

The plaintiffs' remaining contentions are without merit, unpreserved for appellate review, or not properly before this Court. Spolzino, J.P., Santucci, Lifson and Covello, JJ., concur.