■ In the Matter of the Estate of HARVEY GREENFIELD, Deceased. LOUIS ROSENTHAL, Appellant; GERARD CABRERA et al., Respondents. (Proceeding No. 1.) In the Matter of the Estate of ROSEMARIE CARLSON, Deceased. LOUIS ROSENTHAL, Appellant; GERARD CABRERA et al., Respondents. (Proceeding No. 2.) In the Matter of the Estate of FANNIE LUPMAN, Deceased. LOUIS ROSENTHAL, Appellant; GERARD CABRERA et al., Respondents. (Proceeding No. 3.) In the Matter of the Estate of HENRY HOLDER, Deceased. LOUIS ROSENTHAL, Appellant; GERARD CABRERA et al., Respondents. (Proceeding No. 4.) In the Matter of

the Estate of FREIDA HOLDER, Deceased. LOUIS ROSENTHAL, Appellant; GERARD CABRERA et al., Respondents. (Proceeding No. 5.) [859 NYS2d 572]—

In five estate accounting proceedings, Louis R. Rosenthal, former counsel to the Public Administrator of Kings County, appeals from an order of the Surrogate's Court, Kings County (Lopez-Torres, S.), dated September 7, 2007, which denied those branches of his separate motions which were for the Surrogate to recuse herself from determining the allocation of legal fees between himself and successor counsel to the Public Administrator of Kings County in the subject proceedings.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (see *People v Moreno*, 70 NY2d 403, 405 [1987]; *Schreiber-Cross v State of New York*, 31 AD3d 425 [2006]; *Chang v SDI Intl. Inc.*, 15 AD3d 520 [2005]; *EECP Ctrs. of Am. v Vasomedical, Inc.*, 277 AD2d 349, 350 [2000]). "This discretionary decision is within the personal conscience of the court" (*People v Moreno*, 70 NY2d at 405; *see People ex rel. Smulczeski v Smulczeski*, 18 AD3d 785, 786 [2005]). The appellant failed to set forth any proof of bias or prejudice to warrant the conclusion that the Surrogate's refusal to recuse herself was an improvident exercise of discretion (see *Modica v Modica* 15 AD3d 635, 636 [2005]; *Matter of Firestone v Siems*, 272 AD2d 544, 545 [2000]; *Anjam v Anjam*, 191 AD2d 531, 532-533 [1993]; *Manhattan School of Music v Solow*, 175 AD2d 106, 108-109 [1991]). Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.