In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Lack, J.), dated September 25, 2007, which denied their motion for recusal.
*614 Ordered that the order is affirmed, with costs.
The record does not support a finding that any of the statutory disqualifications set forth in Judiciary Law § 14 are applicable (see Matter of New York State Assn. of Criminal Defense Lawyers v Kaye, 95 NY2d 556, 561 [2000]; Schreiber-Cross v State of New York, 31 AD3d 425 [2006]). Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (see 22 NYCRR 100.3; People v Moreno, 70 NY2d 403, 405 [1987]; EECP Ctrs. of Am. v Vasomedical, Inc., 277 AD2d 349 [2000]), and its determination that recusal is not warranted will not be disturbed unless it constitutes an improvident exercise of discretion (see Matter of Imre v Johnson, 54 AD3d 427, 427-428 [2008]). The claimants failed to set forth any proof of bias or prejudice (see Modica v Modica 15 AD3d 635, 636 [2005]; Matter of Firestone v Siems, 272 AD2d 544, 545 [2000]; Anjam v Anjam, 191 AD2d 531, 532-533 [1993]). The appellate reversal of a prior related determination by the Judge to whom this claim is assigned does not alone constitute a showing of bias (see Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [1999]). Accordingly, the Judge’s refusal to recuse himself was not an improvident exercise of discretion. Skelos, J.E, Dillon, Garni and Leventhal, JJ., concur.