█ AMAR S. DAULAT, Appellant, v HELMS BROS., INC., Respondent. [871 NYS2d 321]

That branch of the plaintiff's motion which was denominated as one for leave to renew or reargue his opposition to the defendant's prior motion for summary judgment on the counterclaim and to vacate a prior order dated May 25, 2007, granting the defendant's motion for summary judgment on the counterclaim was, as the Supreme Court found, actually one for leave to reargue his opposition to the defendant's prior motion, the denial of which is not appealable (see Trahan v Galea, 48 AD3d 791, 792 [2008]; Eight In One Pet Prods. v Janco Press, Inc., 37 AD3d 402 [2007]).

That branch of the plaintiff's motion which was for recusal failed to set forth proof which required the Supreme Court Justice hearing this motion to recuse himself. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 405 [1987]). The plaintiff failed to set forth any proof of bias or prejudice to warrant the conclusion that the Justice's failure to recuse himself was an improvident exercise of discretion (see Modica v Modica, 15 AD3d 635, 636 [2005]; Matter of Firestone

*v Siems,* 272 AD2d 544, 545 [2000]; *Anjam v Anjam,* 191 AD2d 531, 532-533 [1993]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Carni and Leventhal, JJ., concur.