■ TERESA VOGELGESANG, Respondent, v ARTHUR VOGELGESANG, Appellant. [898 NYS2d 211]—In a matrimonial action in which the parties were divorced by judgment entered October 18, 2006, the defendant appeals from an order of the Supreme Court, Queens County (Flaherty, J.), dated February 6, 2008, which denied those branches of his motion which were for recusal, to vacate the judgment pursuant to CPLR 5015 or, in the alternative, to resettle the judgment, and, in effect, referred that branch of his motion which was for downward modification of his child support and maintenance obligations to the Family Court, Queens County.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, in effect, referred that branch of the defendant's motion which was for downward modification of his child support and maintenance obligations to the Family Court, Queens County, is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to resettle the judgment is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

No appeal lies from an order denying a motion for resettlement of the decretal paragraphs of a judgment (see Hoeflschweiger v Decovnick, 287 AD2d 694 [2001]; Celauro v Celauro, 286 AD2d 471 [2001]; EQK Green Acres v United States Fid. & Guar. Co., 248 AD2d 667 [1998]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for recusal. Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (see People v Moreno, 70 NY2d 403, 405 [1987]; Schreiber-Cross v State of New York, 31 AD3d 425 [2006]; Chang v SDI Intl. Inc., 15 AD3d 520 [2005]; EECP Ctrs. of Am. v Vasomedical, Inc., 277 AD2d 349, 350 [2000]). "This discretionary decision is within the personal conscience of the court" (People v Moreno, 70 NY2d at 405; see People ex rel. Smulczeski v Smulczeski, 18 AD3d 785, 786 [2005]). The defendant failed to set forth any proof of bias or prejudice to warrant the recusal (see Modica v Modica, 15 AD3d

635, 636 [2005]; *Matter of Firestone v Siems*, 272 AD2d 544, 545 [2000]; *Anjam v Anjam*, 191 AD2d 531, 532-533 [1993]; *Manhattan School of Music v Solow*, 175 AD2d 106, 108-109 [1991]).

The defendant failed to set forth any new facts warranting vacatur of the awards of child support and maintenance in the judgment of divorce. Further, contrary to defendant's contention, the errors in law that he alleges were committed by the Supreme Court in determining his child support obligation did not deprive the court of subject matter jurisdiction to adjudicate the case and, thus, that branch of his motion which was to vacate the judgment pursuant to CPLR 5015 (a) (4) was properly denied (*see Lacks v Lacks*, 41 NY2d 71, 77 [1976]).

The defendant failed to meet his burden of establishing the existence of fraud, misrepresentation, or other misconduct on the plaintiff's part sufficient to entitle him to vacatur of the judgment pursuant to CPLR 5015 (a) (3) (*see Badgett v Badgett*, 2 AD3d 379 [2003]).

The Supreme Court providently exercised its discretion by, in effect, referring that branch of the defendant's motion which was for a downward modification of his maintenance and child support obligations to the Family Court (*see* Family Ct Act § 466; *Strenge v Bearman*, 228 AD2d 664 [1996]).

We do not reach the defendant's contentions regarding the fairness of the trial and the awards of child support and maintenance in the judgment of divorce, as they are not properly before this Court on this appeal.

The parties' remaining contentions are without merit. Mastro, J.P., Eng, Belen and Roman, JJ., concur.