■ GIHON, LLC, Respondent, v 501 SECOND STREET, LLC, et al., Appellants. NORMA VIGO, Intervenor-Respondent. [908 NYS2d 610]—In an action, inter alia, to void a conveyance as fraudulent pursuant to Debtor and Creditor Law §§ 273, 273-a, 274, 276, 276-a and 277, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated March 2, 2009, which denied their motion for recusal.

Ordered that the order is affirmed, with one bill of costs to the respondents.

"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (*Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]; *see People v Moreno*, 70 NY2d 403, 405-406 [1987]). Here, the defendants failed to set forth any proof of bias or prejudice to warrant the conclusion that the Justice should have recused himself (*see Daulat v Helms Bros., Inc.*, 57 AD3d 938 [2008]).

The parties' remaining contentions either need not be ad-

dressed in light of our determination, are not properly before the Court, or are without merit. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.