■ In the Matter of DIOR POLO G., an Infant. CARRIE D. TILLMAN, Appellant; RONALD ROSSI et al., Respondents. [961 NYS2d 791]—

In a proceeding, inter alia, pursuant to SCPA 1713 for permission to withdraw certain funds from the infant's guardianship account, the petitioner appeals from an order of the Surrogate's Court, Kings County (Johnson, S.), dated February 2, 2012, which denied her motion, among other things, for recusal of the Surrogate.

Ordered that the order is affirmed, without costs or disbursements.

"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (*Matter of O'Donnell v Goldenberg*, 68 AD3d 1000 [2009]; *see Vigo v 501 Second St. Holding Corp.*, 100 AD3d 870 [2012]). Here, the petitioner failed to set forth any proof of bias or prejudice to warrant the conclusion that the Surrogate should have recused herself (*see Gihon, LLC v 501 Second St., LLC*, 77 AD3d 709 [2010]; *Daulat v Helms Bros., Inc.*, 57 AD3d 938 [2008]).

The petitioner's remaining contention is without merit. Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.