In an action, inter alia, to recover damages for libel, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 22, 2011, which granted that branch of the motion of the defendants Gannett Company, Inc., The Journal News, Lohud.com, Henry Freeman, CynDee Royle, Bob Fredericks, and D. Scott Faubel which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and denied the cross motion of the plaintiff Elena Ruth Sassower for various relief, (2) a judgment of the same court entered December 27, 2011, which, upon the order dated September 22, 2011, is in favor of the defendants and against them, dismissing the complaint, and (3) an order of the same court dated April 23, 2012, which denied the motion of the plaintiff Elena Ruth Sassower, inter alia, for recusal, and to vacate the order dated September 22, 2011. The notice of appeal from the order dated September 22, 2011, is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).
Ordered that the appeal from the order dated September 22, 2011, is dismissed; and it is further,
Ordered that the appeal by the plaintiff Doris L. Sassower from the order dated April 23, 2012, is dismissed, as that plaintiff is not aggrieved by that order; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that the order dated April 23, 2012, is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The appeal from the intermediate order dated September 22, *608 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiffs commenced this action, inter alia, to recover damages for libel based upon identical articles which appeared in the Journal News and on Lohud.com. The defendants Gannett Company Inc., the Journal News, Lohud.com, Henry Freeman, CynDee Royle, Bob Fredericks, and D. Scott Faubel (hereinafter collectively the Gannett defendants) moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and the plaintiff Elena Ruth Sassower (hereinafter Elena) cross-moved for various relief. The Supreme Court granted that branch of the Gannett defendants’ motion and denied Elena’s cross motion. The Supreme Court also denied Elena’s subsequent motion, inter alia, for recusal and to vacate the order dated September 22, 2011.
On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), “ ‘the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Green v Gross & Levin, LLP, 101 AD3d 1079 [2012], quoting Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87 [1994]).
Here, the Supreme Court properly concluded that the complaint failed to state a cause of action alleging libel. The plaintiffs explicitly complained about the “characterization” of certain behavior on Elena’s part. Thus, the language alleged to be libelous was nonactionable opinion, rather than fact (see Sassower v New York Times Co., 48 AD3d 440 [2008]).
The Supreme Court also properly dismissed the cause of action alleging “journalistic fraud.” That cause of action, which alleged, in effect, that the articles failed to include and recount certain information as desired by the plaintiffs was not actionable (see id. at 441).
The Supreme Court properly denied Elena’s cross motion for various relief. Since the record does not support a finding that the defendants’ conduct was frivolous, the court providently exercised its discretion in denying that branch of the cross motion which was to impose sanctions against defense counsel (see 22 NYCRR 130-1.1). Similarly, as the record does not support a *609 finding that defense counsel committed a substantial violation of the Rules of Professional Conduct or a finding that defense counsel was guilty of any deceit or collusion, the court properly denied those branches of Elena’s cross motion which were to refer defense counsel to appropriate disciplinary authorities and to assess damages against defense counsel for deceit and collusion (see Judiciary Law § 487 [1]). Moreover, the court properly denied that branch of Elena’s cross motion which was to disqualify defense counsel for violation of rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), because there no support for her contention that defense counsel was a party to the proceeding by virtue of being a defendant (see Rules Professional Conduct [22 NYCRR 1200.0] rule 1.7).
The Supreme Court properly denied Elena’s motion, inter alia, for recusal and to vacate the order dated September 22, 2011. Absent a legal disqualification under Judiciary Law § 14, “the determination concerning a motion seeking recused based on alleged impropriety, bias, or prejudice is within the discretion and ‘the personal conscience of the court’ ” (Daniels v City of New York, 96 AD3d 895, 895 [2012], quoting People v Moreno, 70 NY2d 403, 405 [1987]; see Schreiber-Cross v State of New York, 31 AD3d 425 [2006]). Here, Elena failed to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal (see Daniels v City of New York, 96 AD3d at 895; Schreiber-Cross v State of New York, 31 AD3d at 425). Additionally, Elena failed to establish any grounds for vacating the order dated September 22, 2011 (see CPLR 2221; 5015 [a] [3], [4]).
The plaintiffs’ remaining contentions are without merit. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur. [Prior Case History: 2011 NY Slip Op 32872(U).]