In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J), dated January 3, 2013, as denied his motion for recusal.
Ordered that the order is affirmed insofar as appealed from, with costs.
“Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience” (Matter of O’Donnell v Goldenberg, 68 AD3d 1000, 1000 [2009]; see People v Moreno, 70 NY2d 403, 405-406 [1987]; Vigo v 501 Second St. Holding Corp., 100 AD3d 870 [2012]; Matter of Imre v Johnson, 54 AD3d 427 [2008]). Here, the appellant failed to set forth any proof of bias or prejudice in support of his motion for recusal (see Vigo v 501 Second St. Holding Corp., 100 AD3d at 870; Gihon, LLC v 501 Second St., LLC, 77 AD3d 709 [2010]; Daulat v Helms Bros., Inc., 57 AD3d 938 [2008]; Matter of Alizia McK., 25 AD3d 429 [2006]). Accordingly, the Supreme Court properly denied the defendant’s motion for recusal. Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.