Matter of Yonkers Firefighters, Local 628, Intl. Assn. of Firefighters, AFL-CIO v City of Yonkers (2019 NY Slip Op 06402)





Matter of Yonkers Firefighters, Local 628, Intl. Assn. of Firefighters, AFL-CIO v City of Yonkers


2019 NY Slip Op 06402


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-00591
 (Index No. 3914/14)

[*1]In the Matter of Yonkers Firefighters, Local 628, International Association of Firefighters, AFL-CIO, et al., appellants, 
v
City of Yonkers, respondent.


Archer, Byington, Glennon & Levine, LLP, Melville, NY (Richard Corenthal of counsel), for appellants.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the City of Yonkers dated August 22, 2014, which terminated the employment of the petitioner Christopher Giardini, the petitioners appeal from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered August 16, 2017. The order denied the petitioners' motion for recusal of the Supreme Court Justice presiding over this proceeding, and to vacate a judgment of the same court entered February 16, 2016.
ORDERED that the order is affirmed, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to review a determination of the City of Yonkers terminating the employment of the petitioner Christopher Giardini with the City of Yonkers Fire Department. In a judgment entered February 16, 2016, the Supreme Court denied the petition and dismissed the proceeding. Approximately 13 months later, the petitioners moved for recusal of the Supreme Court Justice presiding over this proceeding, and to vacate the judgment entered February 16, 2016. The Supreme Court denied the motion, and the petitioners appeal.
We agree with the Supreme Court's denial of the petitioners' motion, inter alia, for
mandatory disqualification of the Supreme Court Justice pursuant to Judiciary Law § 14 and Canon 3(E)(1)(d)(i) of the Code of Judicial Conduct (22 NYCRR 100.3), and, upon her disqualification, to vacate the judgment of the same court entered February 16, 2016. Judiciary Law § 14 prohibits a trial judge from presiding over any proceeding "if he [or she] is related by consanguinity or affinity to any party to the controversy within the sixth degree." Similarly, Code of Judicial Conduct Canon 3(E)(1)(d)(i) calls upon a judge to disqualify himself or herself in a proceeding in which a person "known by the judge to be within the sixth degree of relationship" to the judge is "a party to the proceeding." Here, the record does not reveal that any person related to the Supreme Court Justice is a party to this proceeding. Thus, mandatory disqualification pursuant to Judiciary Law § 14 and Canon 3(E)(1)(d)(i) of the Code of Judicial Conduct was not required (see People v Leonard, 37 AD3d 1148, 1149; People v Roberts, 6 AD3d 942, 942; People v Griffiths, 155 AD2d 777, 779).
With regard to the question of discretionary recusal, we likewise agree with the [*2]Supreme Court's denial of the petitioners' request for recusal of the Supreme Court Justice based on alleged impropriety or bias. Absent a legal disqualification under Judiciary Law § 14, "the determination concerning a motion seeking recusal based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court'" (Daniels v City of New York, 96 AD3d 895, 895, quoting People v Moreno, 70 NY2d 403, 405; see Sassower v Gannett Co., Inc., 109 AD3d 607, 609). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (People v Alomar, 93 NY2d 239, 246 [citation omitted]; see Ralis v Ralis, 146 AD3d 831, 833; Matter of Khan v Dolly, 39 AD3d 649, 650-651). The denial of a recusal motion will constitute an improvident exercise of discretion only where the movant puts forth demonstrable proof of the judge's bias or prejudgment (see Matter of Rodriguez v Liegey, 132 AD3d 880, 880-881; Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466; Modica v Modica, 15 AD3d 635, 636). " [A]bsent a showing of actual bias or a statutory basis for recusal, proceedings conducted prior to a motion for recusal, or prior to a voluntary withdrawal from the case, remain valid'" (Ulrich v Estate of Zdunkiewicz, 8 AD3d 1014, 1014, quoting Rochester Community Individual Practice Assn. v Excellus Health Plan, 305 AD2d 1007, 1008; see Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County, 228 AD2d 74, 76).
Here, the petitioners failed to present any evidence that the Supreme Court Justice had any improper interest in the outcome of this proceeding or harbored actual bias against the petitioners so as to warrant the conclusion that her denial of their recusal request was an improvident exercise of discretion (see Matter of Bianco v Bruce-Ross, 151 AD3d 716, 717-718; Matter of Imre v Johnson, 54 AD3d 427, 428; Schreiber-Cross v State of New York, 31 AD3d 425; Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d at 466).
Accordingly, the petitioners' motion was properly denied.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court