Gravagna v Gravagna (2020 NY Slip Op 04925)





Gravagna v Gravagna


2020 NY Slip Op 04925


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-02914
 (Index No. 1339/16)

[*1]Antoinette Gravagna, respondent,
v
Joseph Gravagna, appellant.


Joseph Gravagna, Valley Cottage, NY, appellant pro se.
Ellen B. Holtzman, Nanuet, NY, for respondent.
Legal Aid Society of Rockland County, New City, NY (Nicole Genevieve DiGiacomo of counsel), attorney for the child Olivia G.
Jeffrey Schonbrun, New City, NY, attorney for the child Joseph G.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Rockland County (IDV Part) (Sherri L. Eisenpress, J.), entered March 8, 2018. The order denied that branch of the defendant's motion which was for recusal.
ORDERED that the order is affirmed, with costs.
The parties were married in 2009 and have two minor children. In September 2016, the plaintiff commenced this action for a divorce and ancillary relief, and also filed a family offense petition against the defendant seeking an order of protection on behalf of herself and the parties' children. On September 9, 2016, the plaintiff was granted an ex parte temporary order of protection against the defendant. On September 16, 2016, the Family Court continued the order of protection, requiring, inter alia, the defendant to vacate the marital residence. Thereafter, the family offense proceeding was transferred to the Integrated Domestic Violence Part of the Supreme Court. In an order dated February 6, 2017, the court, among other things, granted the plaintiff's motion for temporary child support and allowed the plaintiff to maintain exclusive use and occupancy of the marital home during the course of the divorce action. Approximately three weeks later, by order to show cause dated February 24, 2017, the defendant moved, inter alia, for the court to recuse itself from the matter. The court denied the motion, after a hearing, and the defendant appeals.
"Absent a legal disqualification under Judiciary Law § 14, the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court" (Nationstar Mtge., LLC v Balducci, 165 AD3d 959, 960; see Sassower v Gannett Co, Inc, 109 AD3d 607, 609). Here, the defendant failed to establish a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal (see Nationstar Mtge., LLC v Balducci, 165 AD3d at 960). Moreover, where, as here, a party inexplicably withholds its allegation of bias until after an adverse ruling by the court, denial of the recusal motion is generally warranted and the court's discretion in so ruling will not be disturbed (see Glatzer v Bear, Stearns & Co., Inc., 95 AD3d 707, 707).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was for recusal (see Sassower v Gannett Co., Inc., 109 AD3d at 609).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.

2018-02914 DECISION & ORDER ON MOTION
Antoinette Gravagna, respondent,
v Joseph Gravagna, appellant.
(Index No. 1339/16)

Motion by the respondent, inter alia, to strike stated portions of the appellant's brief and appendix on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated September 19, 2019, that branch of the motion which was to strike stated portions of the appellant's brief and appendix was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief and appendix on the ground that they refer to matter dehors the record is granted to the extent that the following portions of the appellant's brief are stricken and have not been considered in the determination of the appeal: (1) the 5th paragraph on page 3; (2) the 8th paragraph, beginning on page 3 and continuing onto page 4; (3) the 19th and 20th paragraphs on page 5; (4) the 22nd paragraph on page 6; (5) the 35th paragraph, beginning on page 8 and continuing onto page 9; and (6) the 12th through 19th lines on page 10; and that branch of the motion is otherwise denied.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court