■ EQK GREEN ACRES, L.P., Respondent, v UNITED STATES FIDELITY AND GUARANTY Co., Defendant, and INTERNATIONAL MANAGEMENT CONSULTANTS, INC., Appellant. [670 NYS2d 323] —In an action, *inter alia,* for a judgment declaring the rights, duties, and liabilities of the parties pursuant to a construction contract and a policy of insurance, the defendant International Management Consultants, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered March 10, 1997, as denied its cross motion to resettle an order of the same court (Murphy, J.), entered August 19, 1994.

Ordered that the appeal is dismissed, with costs.

An order denying a motion to resettle a substantive or decretal portion of a prior order is not appealable (*see, Gifaldi v Dumont Co.,* 172 AD2d 1025, 1026; *Kay-Fries, Inc. v Martino,* 73 AD2d 342, 351). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.

■ JUAN ESCOBAR et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) JUAN ESCOBAR et al., Respondents, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, Appellant, et al., Defendant. (Action No. 2.) [670 NYS2d 322] —In related actions, *inter alia,* to recover damages for wrongful death, the New York City Industrial Development Agency, a defendant in Action No. 2, appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated February 10, 1997, which denied its motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Where, as here, the plaintiff has pleaded violations of specific provisions of the Administrative Code of the City of New York, the reservation in a lease of a general right to enter and inspect the premises may subject an out-of-possession property owner to liability (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Dufficy v Wharf Bar & Grill,* 217 AD2d 646). Consequently, the appellant's motion for summary judgment was properly denied. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.