■ In the Matter of CHRIST THEODORAKIS, Doing Business as CHRISTI HOME IMPROVEMENTS, Respondent, v SUFFOLK COUNTY

OFFICE OF CITIZEN AFFAIRS et al., Appellants. [673 NYS2d 1005] —In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Office of Citizen Affairs, dated May 30, 1996, which denied the petitioner's application for retroactive renewal of a home improvement contractor's license, the appeal is from (1) a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered May 8, 1997, which granted the petition and directed the appellants to renew the petitioner's home improvement contractor's license retroactively, and (2) an order of the same court, dated July 28, 1997, which denied a motion to resettle the judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs.

An order denying a motion to resettle a substantive or decretal portion of a prior order is not appealable (*see, EQK Green Acres v United States Fid. & Guar. Co.,* 248 AD2d 667).

We agree with the Supreme Court that this proceeding is not barred by the Statute of Limitations. However, the court improperly granted the petition. Suffolk County Code § 345-6 (C) provides that "[f]ailure to make application and pay the required annual fee for a license renewal prior to the expiration date of said license shall render the license null and void on the expiration date". There is no provision in the Suffolk County Code that allows for retroactive renewal of a home improvement contractor's license, which expired two years before the renewal was sought. Accordingly, the appellants' determination was not arbitrary and capricious (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.