Matter of Arici v Scharf (2021 NY Slip Op 04017)





Matter of Arici v Scharf


2021 NY Slip Op 04017


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-09391
 (Index No. 58806/18)

[*1]In the Matter of Adem Arici, respondent,
v
Jared Scharf, appellant.


Jared Scharf, Rye Brook, NY, appellant pro se.
Law Office of Michael H. Joseph, PLLC, White Plains, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 5222-a(d), Jared Scharf appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated July 12, 2019. The order denied his motion pursuant to CPLR 5015 to vacate an order of the same court dated April 5, 2019, after a hearing, granting the petition, inter alia, to restrain funds in certain of his bank accounts to satisfy a money judgment in favor of the petitioner and against him in the total sum of $1,835,283.33.
ORDERED that the order dated July 12, 2019, is affirmed, with costs.
On April 24, 2018, a judgment was entered in favor of Adem Arici and against Jared Scharf in the total sum of $1,835,283.33. Arici commenced this proceeding pursuant to CPLR 5222-a(d). On October 3, 2018, both parties participated in a hearing pursuant to CPLR 5222(d) before the Supreme Court on the issue of whether funds in certain bank accounts of Scharf were exempt from execution. Following that hearing, by order dated April 5, 2019, the court determined that the funds in question were not exempt from execution, and granted the petition, inter alia, to restrain funds in certain of Scharf's bank accounts to satisfy the money judgment. Scharf did not appeal from that order.
By notice of motion dated April 25, 2019, Scharf moved pursuant to CPLR 5015 to vacate the April 5, 2019 order. In an order dated July 12, 2019, the Supreme Court denied Scharf's motion to vacate. Scharf appeals.
The Supreme Court providently exercised its discretion in denying Scharf's motion to vacate the April 5, 2019 order. Scharf failed to establish that any of the enumerated grounds set forth in CPLR 5015(a) entitle him to vacatur of the April 5, 2019 order. In addition to the grounds specifically set forth in CPLR 5015(a), "a court may vacate its own [order or] judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Cox v Marshall, 161 AD3d 1140, 1141). This discretion, however, "is reserved for unique or unusual circumstances that warrant such action" (Pennymac Corp. v Sellitti, 193 AD3d 959, 960 [internal quotation marks omitted]). Here, "the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice" (Cox v Marshall, 161 AD3d at 1142).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.

2019-09391 DECISION & ORDER ON MOTION
In the Matter of Adem Arici, respondent,
v Jared Scharf, appellant.
(Index No. 58806/18)

Cross motion by the respondent to dismiss an appeal from an order of the Supreme Court, Westchester County, dated July 12, 2019, on the ground, in effect, that the appellant's brief contains argument improperly raised for the first time on appeal. By decision and order on motion of this Court dated April 5, 2021, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the cross motion is denied.
ENTER:
Aprilanne Agostino
Clerk of the Court