Bradley v William Penn Life Ins. Co. of N.Y. (2022 NY Slip Op 00165)





Bradley v William Penn Life Ins. Co. of N.Y.


2022 NY Slip Op 00165


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-01597
 (Index No. 7291/13)

[*1]Stephen Bradley, appellant, 
v
William Penn Life Insurance Company of New York, respondent, et al., defendant.


Stenger, Diamond & Glass, LLP, Wappingers Falls, NY (Kenneth M. Stenger of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Robert D. Meade of counsel), for respondent.



DECISION & ORDER
In an action to recover the proceeds of a life insurance policy, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated December 20, 2019. The order denied the plaintiff's motion pursuant to CPLR 5015 to vacate so much of a judgment of the same court entered June 12, 2019, as awarded to the plaintiff prejudgment interest only at the rate of 3% percent per annum, and pursuant to CPLR 5019 and 2001 to resettle that judgment to provide prejudgment interest at a rate of 9% per annum.
ORDERED that the appeal from so much of the order as denied those branches of the plaintiff's motion which were pursuant to CPLR 5019 and 2001 to resettle the judgment to provide prejudgment interest at a rate of 9% per annum is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
No appeal lies from an order denying a motion to resettle a substantive or decretal portion of a judgment (see Vogelgesang v Vogelgesang, 71 AD3d 1131; Hoeflschweiger v Decovnick, 287 AD2d 694; Celauro v Celauro, 286 AD2d 471; EQK Green Acres v United States Fid. & Guar. Co., 248 AD2d 667). Accordingly, we dismiss the appeal from so much of the order as denied those branches of the plaintiff's motion which were pursuant to CPLR 5019 and 2001 to resettle the judgment to provide prejudgment interest at a rate of 9% per annum.
The plaintiff failed to set forth any ground for relief pursuant to CPLR 5015 (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Matter of Arici v Scharf, 195 AD3d 925, 926).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court